## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAMONA TROMBLEY, et al. on behalf of
themselves and all other similarly situated,

        Plaintiffs,

    v.

NATIONAL CITY BANK,

        Defendant.

Civil Action No. 1:10-CV-00232

Judge John D. Bates

## SETTLEMENT AGREEMENT

      This Settlement Agreement (the "Settlement") is entered into by and between Ramona Trombley, Jeff Doehner, and Brian Wells ("Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), by and through Proposed Settlement Class Counsel (as defined below), and National City Bank.  This Agreement is being submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and is subject to preliminary and final approval by the Court.

## DEFINITIONS

    1.    As used in the Agreement, the following terms have the meaning specified below:

        a)    "Action" means the action entitled *Trombley, et al. v. National City Bank, et al.*, Case No. 1:10-CV-00232, filed on February 17, 2010, in the United States District Court for the District of Columbia.

        b)    "Claims Administrator" means the class action claims administrator agreed upon by the Settling Parties, which will be retained by National City pursuant to Paragraph 21 of this Settlement.

c)        "Claim Form" means and refers to the claim form to be completed, signed under penalty of perjury (neither notarization nor witnessing required), and timely submitted to the Claims Administrator by each Settlement Class Member seeking to obtain a distribution from the Escrow Account provided for in Paragraphs 1(i), and 26 of this Settlement. As specified in Paragraphs 17 and 18 of this Settlement, Claim Forms will be mailed to Settlement Class Members along with a Mailed Notice.  The Settling Parties' proposed Claim Form is attached hereto as Exhibit 1.

d)        "Class Period" shall mean July 1, 2004, through and including the date of preliminary approval by this Court of this Final Settlement Agreement, or August 15, 2010, whichever is earlier.

e)        "Complaint" means the Complaint filed in the Action.

f)        "Court" means the United States District Court for the District of Columbia.

g)        "Defendant's Counsel" means Darryl J. May, Ballard Spahr, LLP, 1735 Market St., Philadelphia, Pennsylvania, 19103.

h)        "Effective Date" has the meaning set forth in Paragraph 35 of this Settlement.

i)        "Escrow Account" means an interest bearing account established by National City with joint signatory authority vested in the Claims Administrator and Hassan A. Zavareei, Proposed Settlement Class Counsel.  In accordance with the terms and conditions set forth in Paragraph 11, the Escrow Account shall be held at PNC.

j)    "Final Fairness Hearing" means the hearing in the Action for the Court to consider final approval of this Settlement and the entry of Judgment.

k)    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be entered in the Action in connection with the Settlement after the Final Fairness Hearing.  The Judgment shall be substantially in the form of Exhibit 2.

l)    "National City" or "Defendant" means National City Bank.  National City was merged into PNC Bank, N.A. ("PNC") on November 6, 2009.  Therefore, National City no longer exists but, for convenience, reference will be made to National City or to PNC depending on the context.  In any case "National City" means both National City Bank and PNC.  It also means any of the Released Parties.

m)    "National City Account" means a non-business consumer deposit account originally maintained by or with National City, and includes any account existing on or before November 6, 2009 that was subsequently converted to a PNC account in connection with National City's merger into PNC.

n)    "National City Debit Card" means a debit card, check card or any other bank card used for debit purchases from a National City Account.  "National City Debit Card" shall also include a debit card, check card or any other bank card issued by PNC, following National City's merger into PNC, to customers who were formerly customers of National City.

o)    "National City Debit Card Transaction(s)" means transaction(s) effectuated with or relating to such National City Debit Card(s), including but not limited to automated teller machine ("ATM") transactions and point of sale ("POS") transactions.  In accordance with definition (e), National City Debit Card Transaction(s) shall also include transaction(s) effectuated with or relating to PNC Debit Cards for those National City customers

3

whose accounts were converted to PNC accounts upon the merger of National City into PNC.

p)       "Notice" means the Notice of Proposed Class Action Settlement to be given to Settlement Class Members in connection with the Settlement following the filing of the Preliminary Approval Order and in accordance with Paragraphs 14-19 of this Settlement Agreement.  Notice shall include a Claim Form.   Notice will be provided to Settlement Class Members by mail ("Mailed Notice"), and through publication ("Published Notice").  The Settling Parties' proposed form of Mailed Notice is attached as Exhibit 3.  The Settling Parties' proposed form of Published Notice is attached as Exhibit 4.  A Detailed Notice will be available upon request.  The Settling Parties' proposed form of Detailed Notice is attached as Exhibit 5. Based upon the Preliminary Approval Order and the date set by the Court for the Final Fairness Hearing, the Settling Parties shall fill-in or substitute dates in the Notice to the extent reasonably feasible before Notice is provided to Settlement Class Members. Notice shall satisfy all requirements of constitutional due process.

q)       "Notice Administrator" means the class action notice administrator agreed upon by the Settling Parties, which is retained by National City pursuant to Paragraph 22 of this Settlement Agreement.

r)       "Overdraft Fee" means an overdraft fee, daily overdraft fee, continuous overdraft fee, or other similar fee charged by Defendant to a holder of a National City Account and associated with a National City Debit Card Transaction.

s)       "Plaintiffs" means Ramona Trombley, Jeff Doehner, and Brian Wells.

t)       "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice to the Class. The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as Exhibit 6.

u)    "Proposed Settlement Class Counsel" means Hassan A. Zavareei and Jonathan K. Tycko, Tycko & Zavareei LLP, 2000 L St. NW, Suite 808, Washington, D.C. 20036.

v)    "Released claims" means all claims and other matters released in and by paragraph 37 of this Settlement.

w)    "Released Parties" means National City and PNC and each of its and their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns and all of the present and former directors, officers, employees, agents, attorneys, and shareholders of National City and PNC and each of its and their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns.

x)    "Releasing Parties" means Plaintiffs and the members of the Settlement Class who have not opted out of the Settlement and each of their respective spouses, executors, representatives, heirs, predecessors, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, agents, attorneys and assigns, and all those who claim through them or who assert claims on their behalf.

y)    "Settlement Class Member[s]" means all persons who are members of the Settlement Class to be certified under Paragraph 7 of this Settlement.

z)    "Settlement Fund" means the $12,000,000.00 to be deposited by Defendant in accordance with the settlement terms hereof.

aa)    "Settling Parties" means Plaintiffs and Defendant.

bb)    "Third Party Notice and Claims Administration Costs" mean all costs incurred or charged by the Notice Administrator and Claims Administrator in connection with the notice and claims administration process pursuant to this Agreement.  This does not include

any costs incurred directly by Defendant or any agent or representative of Defendant, other than the Claims Administrator or Notice Administrator.  With the sole exception of the activities described in paragraph 15 (providing data to Notice Administrator) and paragraph 19(d) (notice on PNC website), all costs and expenses of notice and claims administration are Third Party Notice and Claims Administration Costs.

## RECITALS

2.      The Action was commenced on February 17, 2010, by Ramona Trombley, Jeff Doehner, and Brian Wells, individually and on behalf of all others similarly situated.

3.      In the Complaint, Plaintiffs allege that they were National City accountholders and had, and had used, a debit card in connection with their accounts at National City.  Plaintiffs further allege that National City improperly assessed them (and other National City customers) Overdraft Fees for insufficient funds on debit card purchases and/or ATM withdrawals by "re-sequencing" transactions in order to maximize the number of Overdraft Fees.  Plaintiffs also complain of other practices relating to the imposition of Overdraft Fees associated with National City  Debit Card Transactions, and further complain of National City disclosures relating to Overdraft Fees.  Plaintiffs allege that these practices were unlawful and caused them and others similarly situated to suffer financial injury.

4.      National City asserts that its account agreements with its customers clearly and expressly authorized it to charge Overdraft Fees and pay items from highest amount to lowest amount, and to take all other actions complained of by Plaintiffs, and that all such actions were lawful.  National City therefore believes that the claims in the Action are without merit. Nevertheless, for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Action, and for the purpose of putting to rest the controversies engendered by the Action, and without any admission of any liability or wrongdoing

6

whatsoever, National City desires to settle the Action and all claims asserted in or subsumed by the Action on the terms and conditions set forth herein.  Because National City was merged into PNC on November 6, 2009, and thereafter, at various stages, many National City customers became PNC customers, this Settlement encompasses the debit card transactions of all Settlement Class Members after they became PNC customers, in addition to the debit card transactions of Settlement Class Members when they were National City customers.

5.      Plaintiffs and Proposed Settlement Class Counsel believe that the claims asserted in the Action have merit.  Plaintiffs and Proposed Settlement Class Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against National City through motion practice, trial, and potential appeals.  Proposed Settlement Class Counsel have also taken into account the uncertain outcome and the risks of further litigation, as well as the difficulties and delays inherent in such litigation.  Proposed Settlement Class Counsel believes that the Settlement confers substantial benefits upon the Settlement Class.  Plaintiffs and Proposed Settlement Class Counsel have determined that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

6.      The Settling Parties, by and through their respective duly authorized counsel of record, hereby agree that the Action, and all matters and claims in the Complaint, and all matters and claims arising out of or related to the allegations or subject matter of the Complaint and Action, shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the below terms and conditions.

## **TERMS OF THE SETTLEMENT**

In consideration of the complete and final settlement of the Action, and under the terms and conditions herein, the Settling Parties agree as follows:

## <u>Certification of the Settlement Class</u>

7.     For settlement purposes only, the Settling Parties agree to request that the Court

certify a Settlement Class defined as follows:

> All persons who hold or ever held a National City Account who at
> any time during the Class Period incurred at least one Overdraft
> Fee associated with at least one National City Debit Card
> Transaction that was not previously reversed, refunded, or returned
> to the Settlement Class Member by Defendant.
>
> Excluded from the Settlement Class are National City Bank, any
> parent, subsidiary, affiliate or sister company of National City
> Bank, and all officers or directors of National City Bank, or any
> parent, subsidiary, affiliate or sister company at any time during
> the Class Period, and the legal representatives, heirs, successors,
> and assigns of any of the foregoing. The Court presiding over any
> motion to approve the Settlement Agreement is excluded from the
> Settlement Class. Also excluded from the Settlement Class is any
> person who timely submits a valid request to be excluded from this
> Settlement.

8.     If the Court does not certify the Settlement Class, or changes or alters the

composition of the Settlement Class, or alters the terms of the Settlement in any way not

acceptable to Defendant in its sole discretion, Defendant shall have the right to terminate the

Settlement by serving on Proposed Settlement Class Counsel and filing with the Court a notice

of termination within ten days of its receipt of notice of the Court's ruling.

## <u>Settlement Consideration</u>

9.     **Monetary Consideration.**  Subject to approval by the Court, the total monetary

consideration to be provided by National City pursuant to the Settlement shall be

$12,000,000.00, inclusive of all attorneys' fees, costs, and expenses, and incentive payments.

In addition, National City will provide up to an additional $500,000 for the Third Party Notice

and Claims Administration Costs. That amount shall be National City's maximum liability for

Third Party Notice and Claim Administration Costs.

**Attorneys' Fees, Costs, and Expenses**

10.     Proposed Settlement Class Counsel shall seek approval of the Court for payment of not more than 25% of the Settlement Fund for attorneys' fees.  Proposed Settlement Class Counsel shall seek approval of the Court for reimbursement of reasonable costs and expenses incurred by Proposed Settlement Class Counsel in litigating, handling, and resolving the Action. National City agrees not to oppose such application(s).  All attorneys' fees, costs and expenses will be paid from the Settlement Fund.  National City shall have no other or further liability for the attorneys' fees, costs, and/or expenses of Plaintiffs, Proposed Settlement Class Counsel, or any Settlement Class Member.

a)     The Escrow Agent shall pay the Court-approved amount of attorneys' fees, costs and expenses within ten (10) business days of the Effective Date.

b)     Except as otherwise expressly set forth herein, the Settlement shall not be conditioned upon or subject to Court approval of an award of any particular amount of attorneys' fees, costs, or expenses to Proposed Settlement Class Counsel.

**Establishment of the Settlement Fund**

11.     a)     Within ten (10) business days of the entry of the Preliminary Approval Order, Defendant shall deposit the Settlement Fund into an escrow account established at PNC which shall invest the same in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof (the "Instruments"), and shall reinvest the proceeds of these Instruments as they mature in similar Instruments at their current market rates.  PNC shall waive all account-level fees.

b)      PNC shall not disburse moneys from the Settlement Fund, except as provided in this Settlement, by an order of the Court, or by the joint written instructions of Defendants' Counsel and Proposed Settlement Class Counsel.

c)      All funds held by PNC shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the Court's jurisdiction, until such time as such funds shall be distributed pursuant to the Settlement or further order of the Court.

d)      The Parties agree to treat the Settlement Fund at all times as a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1. All taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant or their counsel with respect to income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes ("Taxes") shall be paid out of the Settlement Fund. Defendants and their counsel shall not have any liability or responsibility for the Taxes.  The Settlement Fund shall indemnify and hold Defendants and their counsel harmless for Taxes (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and expenses incurred in connection with the preparation of any tax returns or compliance with tax laws shall be treated as, and considered as, Third Party Notice and Claim Administration Costs and shall be timely paid out of the Settlement Fund without prior order from the Court.  PNC (notwithstanding anything herein to the contrary) shall withhold from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and related expenses. Defendants and their counsel are not responsible and shall not have any liability for the administration of the

Settlement Fund.  The Parties agree to cooperate with PNC, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section.

e)        In the event that the Judgment is not entered or, if it is entered, it does not become final, or if the settlement is voided pursuant to paragraphs 24 or 41 hereof, the then-existing Settlement Fund (less amounts then due and owing for Third Party Notice and Claims Administration Costs) shall be returned and paid to Defendant free and clear of any further obligations pursuant to this Settlement.

## Incentive Awards

12.    Defendant agrees to not oppose application by Plaintiffs for incentive awards to each Plaintiff in an amount not to exceed $5,000 each. Such incentive awards are subject to approval of the Court and shall be paid by the Escrow Agent within ten (10) days of the Effective Date.

## Preliminary Approval

13.    Within ten (10) days of execution of this Settlement Agreement by the Settling Parties, Plaintiffs shall file a motion for preliminary approval in the Action, requesting that the Court:

a)        Preliminarily approve the Settlement;

b)        Approve the form of Notice to be provided to the Settlement Class, including the form of Mailed Notice and Published Notice;

c)        Direct that Notice be provided to the Settlement Class in accordance with the Settlement and in accordance with all requirements of constitutional due process;

d)        Establish a procedure for Settlement Class Members to object to the Settlement or to exclude themselves from the Settlement Class, and set a date, not later than twenty-one (21) days prior to the date set for the Final Fairness Hearing, after which no persons

shall be allowed to object to the Settlement or to exclude himself/herself from the Settlement Class;

       e)     Stay all proceedings in the Action except those related to the effectuation of the Settlement, pending final determination of whether the Settlement should be approved; and;

       f)     Schedule a date for the Final Fairness Hearing that is no more than one hundred and eighty (180) days after the entry by the Court of the Preliminary Approval Order.

### Notice to Settlement Class Members of the Settlement

14.     Notice shall be completed no later than one hundred (100) days after entry by the Court of a Preliminary Approval Order.

15.     Defendant will provide the Notice Administrator with access to the names, available Overdraft Fee account information, and last known addresses of all National City customers who incurred an Overdraft Fee.  If any of these accounts are currently closed ("Closed Accounts"), the data provided will so indicate.  This information will be provided in an accessible digital format.  The costs of the activities identified in this subparagraph shall not be reimbursed from the Settlement Fund and shall not be considered Third Party Notice and Claim Administration Costs.

16.     The Settling Parties understand and agree that because PNC lacks the ability to search for and identify only those service fees that are Overdraft Fees, as that term is defined in this Agreement, the data containing information on the number of account service fees may be over-inclusive.  The receipt of such over-inclusive information by the Notice Administrator does not qualify a claim as compensable under this Agreement if the claim does not otherwise satisfy the requirements of class membership.  It is also understood by the Settling Parties that the data provided will not include information concerning Overdraft Fees incurred by

Settlement Class Members while their accounts were held by a bank that was subsequently merged into National City.

17. Using the data provided by National City for all accounts that are not Closed Accounts, the Notice Administrator will send the Mailed Notice and Claim Form to the billing address of the Settlement Class Member by pre-sorted first class mail. The envelopes containing the Mailed Notice and Claim Form will contain a prominent "call out" to alert Settlement Class Members that the envelopes include important legal information. A proposed form of the envelope containing the Mailed Notice and Claim form is attached as Exhibit 7.

18. For all Closed Accounts, the Notice Administrator will check, verify and update the contact information and will then send a Mailed Notice and Claim Form to every updated address. The envelopes containing such Mailed Notice and Claim Form will contain a prominent "call out" to alert Settlement Class Members that the envelopes include important legal information.

19. In addition to the individual notice provided pursuant to Paragraphs 15 through 18 of this Settlement Agreement, Notice shall include:

a) An approximate quarter-page Published Notice (approximately 6" x 10") will appear once on a weekday in highest circulation newspaper in 22 designated market areas, which comprise 92% of National City branch locations. A listing of the newspapers in which these notices will appear is attached as Exhibit 8.

b) A Court-approved press release issued by the Notice Administrator to approximately 4,490 major press outlets throughout the United States. The proposed press release is attached at Exhibit 9.

c) The establishment of a neutral, informational website where Settlement

13

Class Members can obtain documents, including Claim Forms, and other information about the Settlement.  Settlement Class Members will be able to file a claim online via the website.

        d)      A notice will posted on PNC's website (www.PNC.com) throughout the notice period.  This notice will only appear on the online accounts of former National City customers.  It will include the address of the neutral informational website.

     20.     At least fifteen (15) days before the Final Fairness Hearing, the Notice Administrator shall provide Proposed Settlement Class Counsel with one or more declarations stating that Notice was provided in accordance with the requirements of the Preliminary Approval Order, which Proposed Settlement Class Counsel shall promptly file with the Court and serve on Defendant's Counsel.

**Settlement Claims Administration**

     21.     The duties of the Claims Administrator, in addition to any other duties that may be specifically described herein, are as follows:

        a)      Receive and verify for completeness all Claims Forms;

        b)      Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

        c)      Process all requests for exclusion;

        d)      Engage in account reconciliation, and general administration incidental to the Claims Administration;

        e)      Prepare and transmit payments to Settlement Class Members pursuant to Paragraph 31;

        f)      Provide National City an opportunity to review and validate any claims made by Settlement Class Members.

        g)      Make the final determination of the validity of any claim contested by

14

National City and any Settlement Class Member.  Such final determination must only be made

if National City and the Settlement Class Member are not able to reach an agreement on the

validity of a claim, pursuant to Paragraph 29;

       h)     Upon request by National City or Settlement Class Counsel, provide a list

identifying (by the available information regarding name, address, and/or account number)

those persons who have returned a Claim Form;

       i)     Every thirty (30) days after the first Mailed Notice or Published Notice

and periodically thereafter, provide National City and Settlement Class Counsel a list

identifying those persons who have submitted a request for exclusion pursuant to Paragraph 23

and the terms of the Preliminary Approval Order, and copies of all such requests for exclusion;

       j)     No later than fifteen (15) days prior to the date set for the Final Fairness

Hearing, provide National City and Settlement Class Counsel a list identifying all persons

requesting exclusion from the Settlement Class; and

       k)     Maintain and oversee data storage relating to the Settlement and the

claims process.

**Payment of Third Party Notice And Claims Administration Costs**

22.    National City shall retain the Notice Administrator and Claims Administrator.

National City shall pay an aggregate amount up to, but not to exceed, $500,000 of the Third

Party Notice and Claims Administration Costs.  In the event that the Third Party Notice and

Claims Administration Costs exceed $500,000, such additional sums shall be paid directly from

the Escrow Account.  Invoice(s) related to publication of the notice in local newspapers will be

paid no later than fifteen (15) days prior to the earliest scheduled appearance of the notice.  To

the extent feasible the Notice Administrator will present batched invoices to the Escrow Agent,

which may pay the Notice Administrator in the aggregate for the Notice Administrator's

distribution to newspapers.  Other invoices from the Claims Administrator and Notice

Administrator will be paid within thirty (30) days of the date of said invoices.  It is expressly

understood and agreed to by Settling Parties that neither Proposed Settlement Class Counsel,

nor Settlement Class Members shall be responsible for any of these fees, costs, or expenses.

### Exclusion from the Settlement Class
### and National City's Right to Terminate Settlement

23.     If a Settlement Class Member wishes to be excluded from the Settlement Class,

he or she must individually sign and timely submit written notice of such intent to the

designated Post Office box established for such purpose. The written notice must refer to

*Trombley, et al. v. National City Bank* and must list the account number(s) of the Settlement

Class Member's National City Account(s) linked to a National City Debit Card.  In addition, the

written notice must include, for each account listed: (1) the names and current addresses of

everyone whose name is on the account; (2) a statement that everyone whose name is on the

account satisfies the criteria set forth in Paragraph 7 of this Settlement to be a Settlement Class

Member; (3) a statement of intention to exclude everyone whose name is on the account from

the Settlement Class; and (4) the signature of everyone whose name is on the account. To be

effective, written notice must be postmarked at least twenty-one (21) days prior to the date as

set by the Court for the Final Fairness Hearing.

24.     National City shall have the right to terminate the Settlement by serving on

Proposed Settlement Class Counsel and filing with the Court a notice of termination within ten

(10) days of its receipt from the Claims Administrator of the report specified in Paragraph 21 of

this Settlement if the number of Settlement Class Members who timely request exclusion from

the Settlement Class equals or exceeds the number or percentage specified in the separate letter

executed concurrently with this Settlement by the Settling Parties.  The number or percentage

shall be confidential except to the Court, who shall upon request be provided with a copy of the letter for *in camera* review.

## Objections to Settlement

25.     Any Settlement Class Member who does not opt out of the Settlement Class may object to the Settlement by filing with the Court a timely written statement of objection. To be timely, a written statement of an objection in appropriate form must be filed with the Clerk of the United States District Court for the District of Columbia, at a courthouse location to be designated by the Court, twenty-one (21) days prior to the date set in the Notice for the Final Fairness Hearing, and also served on Proposed Settlement Class Counsel, Hassan A. Zavareei, Tycko & Zavareei LLP, 2000 L St. NW, Suite 808, Washington, D.C. 20036, and Defendant's counsel, Darryl J. May, Ballard Spahr, LLP, 1735 Market St., 51st Floor, Philadelphia, Pennsylvania, 19103.  The written statement of objection must set forth: (i) the title of the Action; (ii) the objector's full name, address, and telephone number, (iii) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (viii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative.

## Submission and Verification of Claims

26.     In order to receive a refund under this Settlement Agreement, a Settlement Class Member must submit a Claim Form no later than forty-five (45) days after the Final Fairness Hearing, attesting under penalty of perjury that the person submitting the Claim Form believes

he or she incurred at least one Overdraft Fee associated with that Settlement Class Member's National City Debit Card Transaction(s).

27.     A Settlement Class Member shall be eligible to claim compensation for each Overdraft Fee that the Settlement Class Member incurred during any two calendar months during the Class Period.

        a)     When submitting a Claim Form, a Settlement Class Member may request that the Claims Administrator determine the two calendar months during the Class Period in which the Settlement Class Member incurred the largest number of Overdraft Fees.  The Claims Administrator shall be entitled to rely on the data provided by National City pursuant to paragraph 15 to make that determination.

        b)     Alternatively, when submitting a Claim Form, a Settlement Class Member may specify any two calendar months during the Class Period in which the Settlement Class Member incurred Overdraft Fees and the number of Overdraft Fees incurred during those specified months.

28.     National City may take such steps as it deems necessary and appropriate in its sole discretion to verify the information provided on Claim Forms and to prevent fraudulent claims under this Settlement.  In doing so, National City shall be entitled to rely on the information contained in its business records relating to the Settlement Class Members' accounts.  Nothing herein is intended or shall be construed to obligate National City to verify each or any Claim Form submitted.

29.     If National City wishes to contest the validity of any Claim Form, it must notify the Claims Administrator, the Settlement Class Member and Proposed Settlement Class Counsel and attempt to reach agreement with the Settlement Class Member regarding the validity of the

Claim Form.  If National City and the Settlement Class Member are not able to reach an

agreement on the validity of the claim, the validity of the Claim Form shall be decided by the

Claims Administrator.

30.     Each Settlement Class Member shall submit no more than one Claim Form,

regardless of the number of Overdraft Fees such Settlement Class Member may have been

charged during the Class Period as a result of the use of a National City Debit Card.  In the

event that a Settlement Class Member files multiple Claim Forms, only the valid Claim Form

claiming the highest amount of Overdraft Fees will be honored.

### Distribution of Settlement Fund

31.     The Third Party Notice and Claims Administration Costs (to the extent such costs

exceed the $500,000 that National City is required to pay outside of the Settlement Fund) shall

be deducted prior to the distribution of the remainder of the funds in the Escrow Account at

such times as the Escrow Agent is presented with appropriate invoices for payment.  Within ten

(10) days following the Effective Date, court-approved attorneys' fees, costs and expenses, and

incentive awards, shall be deducted prior to the distribution of the remainder of the Escrow

Account.  The distribution of the remainder of the Escrow Account will proceed as follows

within ninety (90) days after the Effective Date of this Settlement.

a)      The Escrow Agent, after any holdbacks or reserves for tax liabilities as set

forth in Paragraph 11, shall pay the remainder to the Claims Administrator, which will be

responsible for payments to Settling Class Members and, if necessary, to *cy pres* recipients.

b)      If the aggregate value of submitted claims does not exceed the remainder

of funds remitted from the Escrow Account, the distribution by the Claims Administrator to

Settlement Class Members shall proceed as follows:

(i)      Each Settlement Class Member who submitted a valid Claim Form

shall receive $36 for each Overdraft Fee determined by the Claims Administrator pursuant to Paragraph 27(a) or claimed by the Settlement Class Member on the Claim form pursuant to Paragraph 27(b) (subject to any challenge to the validity of such amount and the resolution of such dispute, as set forth in Paragraph 29);

(ii)    If there are still funds remaining in the Escrow Account, the remainder shall be distributed on a pro rata basis with each Settlement Class Member receiving up to (but not to exceed) three times the amount provided for in Paragraph 31(b)(i).

(iii)    If there are still funds in the Escrow Account after Settlement Class Members are provided up to three times the amount claimed on their Claim forms, the remainder of the funds in the Escrow Account shall be paid out through a *cy pres* distribution provided for in Paragraph 32 of this Settlement and shall not revert to National City.

c)    If the aggregate value of submitted claims exceeds the remainder of funds remitted from the Escrow Account, the funds available to be distributed to Settlement Class Members shall be distributed to Settlement Class Members who submitted valid Claim Forms on a *pro rata* basis.  National City's liability to Settlement Class Members being limited to the Settlement Fund, in no event shall National City be required to pay any additional funds beyond those deposited in the Settlement Fund, and Class Members shall, in the aggregate, be entitled to no more than the amount remitted from the Escrow Account to the Claims Administrator. Payments to Settlement Class Members pursuant to this Paragraph will be made by mailing checks to them at the addresses stated on their respective Claim Forms.

### *Cy Pres* **Distribution**

32.    If there are funds remaining in the Escrow Account after the distributions are

completed pursuant to Paragraph 31 of this Settlement, the Claims Administrator shall distribute

all such remaining funds through the *cy pres* distribution. All funds resulting from returned or

un-cashed checks shall remain in an account maintained by the Settlement Administrator for

one year, at which time the money will be distributed through the *cy pres* distribution.  In the

event that all funds remitted from Escrow Account to the Settlement Administrator are paid to

Settlement Class Members, National City will have no obligation to distribute a *cy pre*s under

this Paragraph or as part of the Settlement.

33.     The *cy pres* shall be distributed to a nonprofit organization or organizations

agreed upon by National City and Settlement Class Counsel, and approved by the Court.

Should the parties be unable to agree on recipient(s) they shall present their respective

prospective recipient(s) to the Court, with any supporting materials and argument, and the Court

shall decide the recipient(s).

34.     The *cy pres* distribution shall be paid as soon as is practicable following the

distribution of funds to Settlement Class Members.

## Effective Date of Settlement

35.     The Effective Date of the Settlement shall be the thirty-fifth (35th) day after the

Court has entered the Judgment substantially in the form of Exhibit 2 attached hereto, if no

appeal has been filed therefrom.  If an appeal has been filed, the Effective Date shall be ten (10)

days after the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its

entirety by the court of last resort to which such appeal may be taken, and such dismissal or

affirmation is no longer subject to further appeal or review.

## No Admission of Liability

36.     National City expressly denies any and all liability in this Action.  By entering

into this Settlement, National City is not admitting any liability whatsoever to Plaintiffs, any

Settlement Class Member or any other person or entity, or the truth of any allegations or circumstances, nor is National City waiving any claim, counterclaim, defense, or affirmative defense except to the extent otherwise expressly provided by this Settlement.

## Releases

37.     As of the Effective Date, the Releasing Parties, and each of them, shall be deemed to have fully released and forever discharged the Released Parties, and each of them, of and from any and all rights, claims, liabilities, action, causes of action, costs and attorneys' fees, demands, damages and remedies, known or unknown, liquidated or unliquidated, legal, statutory, declaratory or equitable, that Releasing Parties ever had, now have, or may have in the future, that result from, arise out of, are based upon, or relate to in any way the conduct, omissions, duties or matters alleged or that could have been alleged in the Complaint arising at any time up through the date of this Settlement Agreement, provided the foregoing result from, arise out of, or are in any way connected with :  (a) the allegations and claims asserted in the Action, or (b) any claim that was or could have been asserted based, in any way, upon the assessment of one or more Overdraft Fees associated with the use of a National City Debit Card.

38.     Plaintiffs and other Settlement Class Members may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the claims released pursuant to the terms of this Paragraph and Paragraph 37 of this Settlement, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Paragraph and Paragraph 37 of this Settlement.

Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Settlement, including by the releases contained in this Paragraph and in Paragraph 37 of this Settlement, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement, never submits a Claim Form, or never receives a distribution of funds from the Settlement.  The foregoing shall be construed to operate as a waiver and release of any and all provisions, rights and benefits conferred either by Section 1542 of the California Civil Code, or by any statute of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

39.    Releasing Parties, and each of them, shall be enjoined from prosecuting any equitable or legal proceeding against any Released Party with respect to any of the Released Claims or any of the actions taken by a Released Party that are authorized or required by this Settlement Agreement or by the Judgment.  The Court shall retain jurisdiction to enforce the judgment, releases, and bar to suits contemplated by this Settlement and by the Judgment.

40.    Nothing in this Settlement shall operate or be construed to release any claims or rights by National City to recover any past, present, or future amounts that may be owed by Plaintiff or by any Settlement Class Member or Class Counsel on his/her accounts, loans or any other debts with National City, pursuant to the terms and conditions of such accounts, loans, or any other debts.

**Discovery**

41.    The Settling Parties have already engaged in informal and formal discovery.  In addition, Plaintiffs shall be entitled to reasonable confirmatory discovery from National City to

be conducted by Proposed Settlement Class Counsel.  The period for confirmatory discovery shall begin as of the date of this Settlement Agreement and shall last for a period of thirty days thereafter.  National City shall cooperate in good faith to facilitate the confirmatory discovery. All materials provided to Proposed Settlement Class Counsel that are confidential shall be designated as such and retained by Proposed Settlement Class Counsel in confidence, subject to Court order that either party may find it necessary to seek and which is obtained and entered by the Court.  At the conclusion of confirmatory discovery, Proposed Settlement Class Counsel shall, based upon all facts known to them, determine in good faith whether in their opinion the Settlement is fair, reasonable, and adequate.  If Proposed Settlement Class Counsel determines that the Settlement is not in their opinion fair, reasonable, and adequate, Proposed Settlement Class Counsel shall terminate the Settlement and give notice to National City of such termination within ten (10) days after confirmatory discovery concludes.  In such case, the Settlement shall be null and void, and the Settling Parties shall return to their original positions. In such event Proposed Settlement Class Counsel shall return to National City all confidential material.

## **Termination of Settlement**

42.     This Settlement may be terminated as provided in this Paragraph and Paragraphs 24 and 41 of this Settlement. This Settlement may also be terminated by either Settling Party by providing written notice to counsel for the opposing Party and the Court within ten days after any of the following occurrences:

a)      any court rejects, modifies, amends, or declines to approve the Settlement;

b)      Any court incorporates into, or deletes or strikes from, the Preliminary Approval Order, Judgment, or the Settlement, any provision which the Settling Party seeking to terminate the Settlement, in its sole discretion, regards as material; or

c)      Any court makes any order precluding Plaintiffs or National City from proceeding in whole or in part with the Settlement.

43.      In the event of a termination in accordance with the provisions of the Settlement:

a)      The Settlement, except for this Paragraph and Paragraphs 11, 21, 22, and 45 shall be null and void and of no further effect;

b)      Any certification of the Settlement Class by the Court will be vacated;

c)      The Settling Parties will be returned to their positions *quo ante* with respect to all facets of the Action, including, without limitation, with respect to the appropriateness of class certification, as if the Settlement had not been entered into;

d)      Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Mailed or Published Notices, court filings, orders, and public statements relating to the Settlement, may thereafter be used as evidence for any purpose whatsoever; and

e)      The fact of, and any documents, findings, decisions, or orders relating to, any failure of a court to approve the Settlement or any modification or amendment of the Settlement by a court, as well as the fact and contents of any objections which may have been filed to the Settlement, may not be used as evidence for any purpose whatsoever.

44.      Nothing in the preceding Paragraph is intended or will be construed to limit a Settling Party's right to use or to offer the Settlement in evidence in any action or proceeding in any court or other tribunal to enforce or implement its terms, to support or defend the Settlement, including on any appeal from the Judgment, or to enforce or assert a claim or defense of res judicata, collateral estoppel, claim or issue preclusion, settlement, release, merger and bar, or any similar claim or defense against a Settlement Class Member.

45.     In the event of a termination, the balance of the Escrow Account shall be immediately refunded and remitted to National City.  National City shall have no right to seek reimbursement from Plaintiffs or Proposed Settlement Class Counsel for any funds distributed from the Escrow Account or for money spent or costs incurred for Notice or Claims Administration.

## Non-Disparagement

46.     Proposed Settlement Class Counsel and Plaintiffs agree to refrain from disparaging National City and PNC and their present and former parents, subsidiaries, affiliates, divisions, successors and assigns with respect to any issue related to this case.  Settlement Class Counsel and Plaintiffs agree to refrain from taking any action designed to harm the public perception of National City and PNC and their present and former parents, subsidiaries, affiliates, divisions, successors and assigns regarding any issue related to this case, except they may provide sworn testimony if so required by an order from a court of competent jurisdiction. National City and PNC agree to refrain from disparaging Plaintiffs publicly or in the media regarding any issue related to this case. Failure to abide by this provision will constitute a breach of this Settlement Agreement.

## Press Release

47.     Other than the press release issued by the Notice Administrator required by the Settlement, no press release shall be issued relating to this Settlement.  Nothing in this provision is intended to limit PNC's right to make any necessary filings with the SEC pursuant to the Securities Exchange Act of 1934.

## General Provisions

48.     This Settlement constitutes the entire agreement between and among the Settling Parties with respect to the settlement of the Action.  This Settlement shall not be construed more

26

strictly against one party than another merely because it may have been prepared by counsel for one of the Settling Parties, it being recognized that, because of the arm's length negotiations resulting in the Settlement, all Settling Parties hereto have contributed substantially and materially to the preparation of the Settlement. This Settlement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by the Settling Parties, Proposed Settlement Class Counsel, and Defendant's Counsel.

49.     Each Settling Party to the Settlement warrants that they are acting on their independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other person, other than the warranties and representations expressly made in the Settlement.

50.     All of the Exhibits to the Settlement are material and integral parts hereof and are fully incorporated by reference.  All captions used in the Settlement are for reference and convenience only and shall not be used in interpreting the Settlement.

51.     The Settling Parties, Proposed Settlement Class Counsel, and Defendant's Counsel shall execute all documents and perform any additional acts necessary and proper to effectuate the terms of the Settlement and to obtain the benefit of the Settlement for the Settling Parties and Settlement Class Members.

52.     The Settling Parties, Proposed Settlement Class Counsel, and Defendant's Counsel shall not engage in any conduct or make any statements, directly or indirectly, (a) to encourage, promote, or solicit Settlement Class Members or their counsel to request exclusion from the Settlement Class or to object to the Settlement, or (b) to facilitate, induce or cause the non-fulfillment of a condition or the occurrence of an event giving rise to a Party's right to terminate this Settlement.

53.     The Settlement shall be binding upon, and shall inure to the benefit of, the Settling Parties, the Settlement Class Members, the Releasees, and the respective heirs, administrators, successors, and assigns of each of them. Except as provided in the foregoing sentence, nothing in this Settlement is intended to create any legally enforceable rights in any other person or to make any other person, including, but without limitation, an agreed-upon recipient of *cy pres* funds pursuant to Paragraph 32 of this Settlement, a beneficiary of this Settlement.

54.      The Settling Parties:  (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement. National City shall be responsible for effectuating the required notice under the Class Action Fairness Act of 2005.

55.     This Settlement shall be construed, enforced and administered in accordance with the laws of the District of Columbia without reference to its conflict of laws principles.

56.     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all Settling Parties and Settlement Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

57.     This Settlement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together constitute one and the same instrument.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Dated:  July 28, 2010

*Counsel for National City*
*and Duly Authorized Signatory*

*Proposed Settlement Class Counsel*

Darryl J. May
Ballard Spahr LLP
1735 Market St., 51st Floor
Philadelphia, PA  19103
(215) 864-8103

Hassan A. Zavareei
Jonathan K. Tycko
Tycko & Zavareei LLP
Suite 808
2000 L Street, N.W.
Washington, D.C. 20036
(202) 973-0900

### List of Exhibits

Exhibit 1:     Proposed Claim Form

Exhibit 2:     Proposed Order of Final Judgment

Exhibit 3:     Proposed Form of Mailed Notice

Exhibit 4:     Proposed Form of Published Notice

Exhibit 5:     Proposed Form of Detailed Notice

Exhibit 6:     Proposed Order of Preliminary Approval

Exhibit 7:     Proposed Form of Envelope Containing Mailed Notice and Claim Form

Exhibit 8:     List of Newspapers where Published Notice will appear

Exhibit 9:     Proposed Press Release

# Exhibit 1

**National City Overdraft Settlement**
**Post Office Box 4098**
**Portland, OR 97208-4098**

UNITED STATES DISTRICT COURT
for the District of Columbia
Case No. 1:10-CV-00232

| CLAIM DEADLINE MM/DD/YY |

Please see reverse side for eligibility, instructions and other important information.
*Please type or print in the boxes below; Do not use red ink, pencil, or staples.*

## Claimant Information

First Name                                    MI        Last Name

Mailing Address

City                                                          State        Zip Code

Account Number (if available)              Telephone Number (optional)

Email Address (optional)

@

(email username)                                            (domain name)

## Choose Option 1 or Option 2:

☐  Claim Option 1

### Please determine my eligible Overdraft Fees from National City's records.

I give my permission for the Claims Administrator to review data provided by National City to determine the highest number of Overdraft Fees I paid in any two months from July 1, 2004, to Month DD, 2010. I understand my award will be based on this determination.

☐  Claim Option 2

### I have determined my eligible Overdraft Fees from my own records.

Use this option If you paid Overdraft Fees on accounts that were opened through banks that were later merged into National City, or if you are not certain whether or not the Overdraft Fees you paid were due to National City Debit Card Transactions, or if you are not certain that the Overdraft Fees were not previously refunded or reversed, or if it is otherwise your preference to determine this information yourself.

Month/Year 1        Number of Overdraft Fees              Month/Year 2        Number of Overdraft Fees

(MM)      (YY)          (number)                          (MM)      (YY)          (number)

## Signature

I declare under penalty of perjury that (a) at any time from July 1, 2004 to Month DD, 2010, I/we incurred at least one Overdraft Fee associated with a National City Debit Card Transaction that was not previously reversed, refunded or returned, and (b) the information I have provided above is true and correct to the best of my knowledge.

Signature:                                                  Date:

(MM)      (DD)      (YY)

01-CA5667  v.2                                Page 2

**Settlement Benefits**: Settlement Class Members who submit a valid claim are eligible to receive a payment of up to three times the amount of that claim.   The Court in charge of this case still has to decide whether to approve the settlement. Payments will not be made until the Court grants final approval and after any appeals are resolved. Please be patient.

**Eligibility**: If you hold or held a National City Bank Account any time between July 1, 2004 and Month DD, 2010 and incurred at least one Overdraft Fee associated with at least one National City Bank Debit Card Transaction that was not previously reversed, refunded or returned, you are eligible to submit a Claim Form.

**"National City Account"** means a non-business consumer deposit account that at any time carried the "National City" logo or brand, even if after the merger such accounts were transferred to PNC.  For the sake of clarity, "National City Account" does not include accounts that were originally opened under the "PNC Bank" name.

 **"National City Debit Card"** means a debit card, check card or any other bank card linked to a National City Account and used for debit purchases.  Only deposit accounts are included, however, so credit cards are not part of this definition.

**"National City Debit Card Transaction"** means a transaction done with or relating to a National City Debit Card, including transactions on a National City Account after National City was merged into PNC. Examples include the use of a National City Debit Card in an automated teller machine ("ATM") and/or for point of sale ("POS") transactions.  "Point of sale" transactions include any purchase made using a National City Debit Card at a merchant or retailer.

**"Overdraft Fee"** means an overdraft fee, daily overdraft fee, continuous overdraft fee, or other similar fee associated with a National City Debit Card Transaction.

**Instructions**: Prepare your claim carefully upon your best knowledge and belief.

When completing your claim, you may select one of two options.  First, you may agree to permit the Claims Administrator to utilize data provided by National City to ascertain the highest number of Overdraft Fees that you incurred in any two months from July 1, 2004, through and including Month DD, 2010 ("**Claim Option 1**").  If you incurred Overdraft Fees on accounts that were opened through banks that were later merged into National City; or if you are not certain whether or not the Overdraft Fees you incurred were due to debit card transactions; or if you are not certain that the Overdraft Fees were not previously refunded or reversed,  it is advisable to rely upon your own records to identify the total number of Overdraft Fees that you incurred in any two months from July 1, 2004, through and including Month DD, 2010 ("**Claim Option 2**"). Complete all other required information.  Sign and date the Form.  No documentation is required from you at this time.  You can submit only one claim no matter how many days you incurred Overdraft Fees.

**Account Statements**: Settlement Class Members who are current PNC customers and who have on-line accounts may view their account statements for a period going back 18 months from the date of viewing.

**Claim Deadline:** Claim Forms must be postmarked or submitted electronically at www.xxxxxxxxxxxxxxxx.com no later than **Month, DD, YYYY**.  Mailed Claim Forms must be sent to: National City Overdraft Settlement, Post Office Box 4098, Portland, OR 97208-4098

**How will claims be decided?**  Relying on its business records, National City may take steps to verify the information you provided on your claim.  National City is entitled to review claims to ensure that Overdraft Fees are related to debit card transactions and not other types of transactions and to ensure that Overdraft Fees have not been previously refunded or reversed.  National City may contest the validity of your claim by notifying you, the Claims Administrator and Settlement Class Counsel.  In this case, National City will attempt to reach agreement with you regarding the validity of your claim.  If your claim is contested, National City may be required to provide documentation to the Claims Administrator.  You may also be asked by the Claims Administrator to provide additional information to document your claim.  If National City is not able to reach agreement with you, the Claims Administrator will make a final determination

**Additional Information**: Additional information is contained in the Detailed Notice and Settlement Agreement, available at www.xxxxxxxxxxxxxxxxx.com or by calling 1-866-960-5706.

**Questions?  Call 1-866-960-5706 or visit www.xxxxxxxxxxxxxxxxxx.com.**

Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RAMONA TROMBLEY, et al., on behalf of
themselves and all other similarly situated,

              Plaintiffs,

        v.

NATIONAL CITY BANK,

              Defendant.

Civil Action No. 1:10-CV-00232

Judge John D. Bates

## [PROPOSED] JUDGMENT ORDER

**WHEREAS**, Representative Plaintiffs Ramona Trombley, Jeff Doehner, and Brian Wells and the defendant, National City Bank ("National City" or "Defendant") entered into a Settlement Agreement dated July 28, 2010 (the "Settlement Agreement");

**WHEREAS**, on _____, 2010, the Court entered an Order of Preliminary Approval Order ("Preliminary Approval Order") that, among other things: (a) certified, pursuant to Fed. R. Civ. P. 23, a the Settlement Class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, the method of dissemination thereof, and directed that appropriate notice of the settlement be given to the Settlement Class; and (c) set a Final Fairness Hearing date for final approval of the settlement;

**WHEREAS**, the notice to the Settlement Class ordered by the Court in its Notice Order has been provided, as attested to in the affidavit of _____, filed with the Court on _____;

**WHEREAS**, on _____, a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the

Settlement Class, such hearing date being a due and appropriate number of days after such notice to the Settlement Class and the requisite number of days after such governmental notice;

**NOW THEREFORE**, having reviewed and considered the submissions presented with respect to the settlement set forth in the Settlement Agreement and the record in these proceedings, and having heard and considered the evidence presented by the parties and the arguments of counsel,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      The Court incorporates by reference the definitions set forth in the Settlement Agreement.

2.      The Court has subject matter jurisdiction of this matter and all claims asserted against National City.

3.      The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.      Pursuant to Fed. R. Civ. P. 23 and this Court's Preliminary Approval Order, the following persons are members of the Settlement Class:

> All persons who hold or ever held a National City Account who at any time during the Class Period incurred at least one Overdraft Fee associated with at least one National City Debit Card Transaction that was not previously reversed, refunded, or returned to the Settlement Class Member by Defendant.

> Excluded from the Settlement Class are National City Bank, any parent, subsidiary, affiliate or sister company of National City Bank, and all officers or directors of National City

Bank, or any parent, subsidiary, affiliate or sister company at any time during the Class Period, and the legal representatives, heirs, successors, and assigns of any of the foregoing. The Court presiding over any motion to approve the Settlement Agreement is excluded from the Settlement Class.   Also excluded from the Settlement Class are those persons identified in Exhibit ___ hereto who submitted timely and valid requests for exclusion from the Settlement Class ("Opt-Outs").  Opt-Outs shall neither share in the distribution of the Settlement Fund nor receive any benefits of the terms of the Settlement Agreement, and shall not be bound by this Judgment Order.

5.      Representative Plaintiffs and Settlement Class Counsel fairly and adequately represented the interests of the Settlement Class in connection with the settlement set forth in the Settlement Agreement.

6.      All objections to the settlement set forth in the Settlement Agreement having been considered and having been found either to be mooted by the settlement or not supported by credible evidence, the settlement set forth in the Settlement Agreement is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Settlement Class, and is hereby approved.

7.      Representative Plaintiffs, National City, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement.  The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

8.      As soon as is practicable, the plaintiffs in *Trombley, et al. v. National City Bank*, No. 1:10-CV-00232 (D.D.C.) are hereby ordered to dismiss their cases with prejudice.  Counsel

for said plaintiffs have already agreed, in joining the underlying Settlement Agreement, to dismiss their cases with prejudice upon entry of this Judgment.

9.      By entry of this Order and Judgment, the Releasing Parties, and each of them, shall be deemed to have fully released and forever discharged the Released Parties, and each of them, of and from any and all rights, claims, liabilities, action, causes of action, costs and attorneys' fees, demands, damages and remedies, known or unknown, liquidated or unliquidated, legal, statutory, declaratory or equitable, that Releasing Parties ever had, now have, or may have in the future, that result from, arise out of, are based upon, or relate to in any way the conduct, omissions, duties or matters alleged or that could have been alleged in the Complaint arising at any time up through the date of this Settlement Agreement, provided the foregoing result from, arise out of, or are in any way connected with :  (a) the allegations and claims asserted in the Action, or (b) any claim that was or could have been asserted based, in any way, upon the assessment of one or more Overdraft Fees associated with the use of a National City Debit Card.

10.     Releasing Parties, and each of them, are hereby enjoined from prosecuting any equitable or legal proceeding against any Released Party with respect to any of the Released Claims or any of the actions taken by a Released Party that are authorized or required by the Settlement Agreement or by this Judgment.  The Court retains jurisdiction to enforce the judgment, releases, and bar to suits contemplated by the Settlement and by this Judgment.

11.     The Court has reviewed Settlement Class Counsel's petition for attorneys' fees, costs, and expenses, and Representative Plaintiff incentive awards, and Defendant's papers in response thereto, and hereby awards attorneys' fees in the amount of $_____, costs and expenses in the amount of $_____, and Representative Plaintiff incentive awards in the amount of $_____ each to Ramona Trombley, Jeff Doehner, and Brian Wells. These

amounts will be distributed in accordance with the terms of the Settlement Agreement. The Court authorizes Settlement Class Counsel to allocate and distribute said funds in their sole discretion to be reasonably applied.  Any dispute concerning said allocations shall be under the jurisdiction of this Court.

12.     The Settling Parties have stipulated and the Court has determined that the Court's decision to grant final approval of the settlement set forth in the Settlement Agreement is separate from the issues raised by Settlement Class Counsel's petition for attorneys' fees, costs, and expenses, and incentive awards.

13.     Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

14.     In the event the Effective Date does not occur, this Judgment Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Judgment and all orders entered in connection herewith shall be vacated and null and void.

**SO ORDERED.**

_____
Honorable John D. Bates
United States District Court Judge


Dated: _____, 2010

Exhibit 3

LEGAL NOTICE

# If you paid overdraft fees to National City (including accounts transferred to PNC), you could receive a payment from a legal settlement.

*Para una notificación en Español, llamar o visitar nuestro website.*

A settlement has been reached with National City Bank ("National City") and PNC Bank, N.A. ("PNC") about overdraft fees charged to consumer deposit accounts. National City was merged into PNC on November 6, 2009. In this Notice, "National City" is used for the sake of clarity. This settlement does not apply to any PNC accounts that were opened for the first time through PNC. The settlement offers payments to people who submit valid claim forms.

The United States District Court for the District of Columbia will hold a hearing to decide whether to give final approval to the settlement, so that benefits can be issued. Those included have legal rights and options, such as submitting a claim for benefits or excluding themselves from or objecting to the settlement. More information is in the Detailed Notice which is available at www.XXXXXXXXXX.com.

### WHAT IS THIS ABOUT?

The lawsuit alleges that National City improperly assessed overdraft fees for insufficient funds on debit card purchases and ATM withdrawals in a number of ways that were unlawful, including by "re-sequencing" transactions in order to maximize the number of overdraft fees. The lawsuit alleges that these practices were unlawful and caused financial injury. National City denies all of Plaintiff's claims and says that it did nothing wrong.

### WHO IS INCLUDED?

**You received this notice in the mail because it has been determined that you may be a Settlement Class Member.** The Settlement Class includes all persons who hold or ever held a National City Account who at any time from July 1, 2004, through and including Month DD, YYYY, incurred at least one Overdraft Fee associated with at least one National City Debit Card Transaction that was not previously reversed, refunded or returned.

### WHAT DOES THE SETTLEMENT PROVIDE?

National City will pay $12,000,000 to a Settlement Fund to make payments to eligible Settlement Class Members as well as to pay: (a) attorneys' fees, costs, and expenses; (b) incentive payments; and (c) third party costs to provide notice and to administer the settlement. Payments will be based upon the number of Overdraft Fees in any two months between July 1, 2004 and Month, DD, 2010. Eligible Overdraft Fees include fees associated with the use of a National City Debit Card such as automated teller machine ("ATM") and point of sale ("POS") transactions. "Point of sale" transactions include any purchase made using a National Debit Card at a merchant or retailer.

When completing your claim, you may select one of two options

**Claim Option 1.** You may agree to permit the Claims Administrator to review data provided by National City to determine the highest number of Overdraft Fees you paid in any two months from July 1, 2004, to Month DD, 2010.

**Claim Option 2.** If you paid Overdraft Fees on accounts that were opened through banks that were later merged into National City, or if you are not certain whether or not the Overdraft Fees you paid were due to National City Debit Card Transactions, or if you are not certain that the Overdraft Fees were not previously reversed or reversed, you may rely upon your own records to identify the total number of Overdraft Fees you paid in any two months from July 1, 2004, to Month DD, 2010.

Claimants may be paid up to three times the total amount of their claim depending on how many claims are made. If the total amount needed to pay valid claims exceeds funds available in the Settlement Fund, each Settlement Class Member's payment will be reduced and paid in proportion to all Settlement Class Members' payments. Details on all of the settlement benefits are included in the Detailed Notice and the Settlement Agreement, which are available at www.XXXXXXXXXX.com.

### HOW DO YOU ASK FOR BENEFITS?

To get a payment you must submit a claim. For your convenience, a claim form is included with this notice. You can also submit your claim online at www.XXXXXXXXXX.com. The claim deadline is **Month 00, 2010**.

### YOUR OTHER OPTIONS.

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **Month 00, 2010**, or you will not be able to sue, or continue to sue, National City about the legal claims this settlement

resolves, ever again.  If you exclude yourself, you cannot get a payment from the settlement.  If you stay in the settlement, you may object to it by **Month 00, 2010**.  The Detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in the case, known as *Trombley, et al. v. National City Bank, et al.*, Case No. 1:10-CV-00232, on **Month 00, 2010**, to consider whether to approve the settlement, and a request by Settlement Class Counsel for attorneys' fees, costs, and expenses of up to but no more than 25% of the settlement fund ($3 million).  Settlement Class Counsel will also request payments of incentive awards of $5,000 to Class Representatives for their services on behalf of the Settlement Class.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.  For more information, call or go to the website shown below.

| www.XXXXXXXXXXXX.com | 1-8NN-NNN-NNNN |
|---|---|

# Exhibit 4

# If you paid overdraft fees to National City (including accounts transferred to PNC), you could receive a payment from a legal settlement.

*Para una notificación en Español, llamar o visitar nuestro website.*

A settlement has been reached with National City Bank ("National City") and PNC Bank, N.A. ("PNC") about overdraft fees charged to consumer deposit accounts. National City was merged into PNC on November 6, 2009. In this Notice, "National City" is used for the sake of clarity. This settlement does not apply to any PNC accounts that were opened for the first time through PNC. The settlement offers payments to people who submit valid claim forms.

The United States District Court for the District of Columbia will hold a hearing to decide whether to give final approval to the settlement, so that benefits can be issued. Those included have legal rights and options, such as submitting a claim for benefits or excluding themselves from or objecting to the settlement. More information is in the Detailed Notice which is available at www.XXXXXXXXXX.com.

### WHAT IS THIS ABOUT?

The lawsuit alleges that National City improperly assessed overdraft fees for insufficient funds on debit card purchases and ATM withdrawals in a number of ways that were unlawful, including by "re-sequencing" transactions in order to maximize the number of overdraft fees. The lawsuit alleges that these practices were unlawful and caused financial injury. National City denies all of Plaintiff's claims and says that it did nothing wrong.

### WHO IS INCLUDED?

The Settlement Class includes all persons who hold or ever held a National City Account who at any time from July 1, 2004, through and including Month DD, YYYY, incurred at least one Overdraft Fee associated with at least one National City Debit Card Transaction that was not previously reversed, refunded or returned.

### WHAT DOES THE SETTLEMENT PROVIDE?

National City will pay $12,000,000 to a Settlement Fund to make payments to eligible Settlement Class Members as well as to pay: (a) attorneys' fees, costs, and expenses; (b) incentive payments; and (c) third party costs to provide notice and to administer the settlement. Payments will be based upon the number of Overdraft Fees in any two months between July 1, 2004 and Month, DD, 2010. Eligible Overdraft Fees include fees associated with the use of a National City Debit Card such as automated teller machine ("ATM") and point of sale ("POS") transactions. "Point of sale" transactions include any purchase made using a National Debit Card at a merchant or retailer.

When completing your claim, you may select one of two options

**Claim Option 1.** You may agree to permit the Claims Administrator to review data provided by National City to determine the highest number of Overdraft Fees you paid in any two months from July 1, 2004, to Month DD, 2010.

**Claim Option 2**. If you paid Overdraft Fees on accounts that were opened through banks that were later merged into National City, or if you are not certain whether or not the Overdraft Fees you paid were due to National City Debit Card Transactions, or if you are not certain that the Overdraft Fees were not previously refunded or reversed, you may rely upon your own records to identify the total number of Overdraft Fees you paid in any two months from July 1, 2004, to Month DD, 2010.

Claimants may be paid up to three times the total amount of their claim depending on how many claims are made. If the total amount needed to pay valid claims exceeds funds available in the Settlement Fund, each Settlement Class Member's payment will be reduced and paid in proportion to all Settlement Class Members' payments. Details on all of the settlement benefits are included in the Detailed Notice and the Settlement Agreement, which are available at www.XXXXXXXXXX.com.

### HOW DO YOU ASK FOR BENEFITS?

To get a payment you must submit a claim. You can submit your claim online at www.XXXXXXXXXX.com. You can also obtain a paper claim form either at the website or by calling 1-8NN-NNN-NNNN. The claim deadline is **Month 00, 2010**.

### YOUR OTHER OPTIONS.

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **Month 00, 2010**, or you will not be able to sue, or continue to sue, National City about the legal claims this settlement

resolves, ever again.  If you exclude yourself, you cannot get a payment from the settlement.  If you stay in the settlement, you may object to it by **Month 00, 2010**.  The Detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in the case, known as *Trombley, et al. v. National City Bank, et al.*, Case No. 1:10-CV-00232, on **Month 00, 2010**, to consider whether to approve the settlement, and a request by Settlement Class Counsel for attorneys' fees, costs, and expenses of up to but no more than 25% of the settlement fund ($3 million).  Settlement Class Counsel will also request payments of incentive awards of $5,000 to Class Representatives for their services on behalf of the Settlement Class.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.  For more information, call or go to the website shown below.

| www.XXXXXXXXXXXX.com | 1-8NN-NNN-NNNN |
|---|---|

# Exhibit 5

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

# If you paid overdraft fees to National City (including accounts transferred to PNC), you could receive a payment from a legal settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

A settlement has been reached with National City Bank ("National City") and PNC Bank, N.A. ("PNC") about overdraft fees charged to consumer deposit accounts. National City was merged into PNC on November 6, 2009.  In this Notice, "National City" is used for the sake of clarity.   **This settlement does not apply to any PNC accounts that were opened for the first time through PNC.**

- The settlement offers payments to eligible people who paid Overdraft Fees on a National City deposit account between July 1, 2004 and <u>Month DD</u>, 2010, whether or not such fees were charged before or after National City was merged into PNC, where the overdraft fees resulted from you using your bank card.

- Your legal rights are affected whether you act, or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no benefits from the settlement.  This is the only option that allows you to start or remain part of any other lawsuit against National City about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment from the settlement.  Give up your rights to sue National City about the legal claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who qualify.  Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION ................................................................................................................ PAGE 3

    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

WHO IS IN THE SETTLEMENT ................................................................................................... PAGE 3

    5. How do I know if I am part of the settlement?
    6. What do the terms "National City Account," "National City Debit Card," "National City Debit Card Transaction" and "Overdraft Fee" mean?
    7. Are there exceptions to being included?
    8. What if I am not sure whether I am included in the settlement?

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY ................................................. PAGE 4

    9. What does the settlement provide?
    10. How do I complete my claim?
    11. How will the claims be decided?

HOW TO GET A PAYMENT—SUBMITTING A CLAIM ...................................................................... PAGE 5

    12. How can I get a payment?
    13. When will I get my payment?
    14. What am I giving up to get a payment?

EXCLUDING YOURSELF FROM THE SETTLEMENT ...................................................................... PAGE 6

    15. If I exclude myself, can I get anything from this settlement?
    16. If I do not exclude myself, can I sue later?
    17. How do I get out of the settlement?

THE LAWYERS REPRESENTING YOU .......................................................................................... PAGE 7

    18. Do I have a lawyer in the case?
    19. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT ............................................................................................. PAGE 7

    20. How do I tell the Court if I do not like the settlement?
    21. What is the difference between objecting and asking to be excluded?

THE COURT'S FAIRNESS HEARING ............................................................................................ PAGE 8

    22. When and where will the Court decide whether to approve the settlement?
    23. Do I have to come to the hearing?
    24. May I speak at the hearing?

IF YOU DO NOTHING ................................................................................................................. PAGE 9

    25. What happens if I do nothing?

GETTING MORE INFORMATION .................................................................................................. PAGE 9

    26. How do I get more information?

## BASIC INFORMATION

### 1. Why is this Notice being provided?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge John D. Bates, of the United States District Court for the District of Columbia, is overseeing this class action. The case is known as *Trombley, et al. v. National City Bank, et al.*, Case No. 1:10-CV-00232, filed on February 17, 2010.

The people who sued are called "Plaintiffs," and the company they sued, National City Bank, is called "Defendant."

### 2. What is this lawsuit about?

The lawsuit alleges that National City improperly assessed overdraft fees for insufficient funds on debit card purchases and ATM withdrawals in a number of ways that were unlawful, including by "re-sequencing" transactions in order to maximize the number of overdraft fees.  The lawsuit alleges that these practices were unlawful and caused financial injury.  National City denies all of Plaintiff's claims and says that it did nothing wrong.

### 3. Why is this a class action?

In a class action, one or more people called "Settlement Class Representatives" (in this case Ramona Trombley, Jeff Doehner, and Brian Wells) sue on behalf of people who have similar claims. All of these people are a "Settlement Class" or "Settlement Class Members." One court resolves the issues for all class members, except for those who timely exclude themselves from the class.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant. Instead, both sides agreed to settle this case to avoid the costs and risks of a trial. The proposed settlement does not mean that any law was broken or that the Defendant did anything wrong. Defendant denies all legal claims in this case. Settlement Class Representatives and their lawyers think the proposed settlement is an excellent resolution of the claims in the case that provides significant financial compensation  for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will be affected by the settlement or if you can get a payment from it, you first have to determine if you are a Settlement Class Member.

### 5. How do I know if I am part of the settlement?

The Court decided that the Settlement Class includes all persons who hold or ever held a National City Account who at any time from July 1, 2004, through and including Month DD, YYYY, incurred at least one Overdraft Fee associated with at least one National City Debit Card Transaction that was not previously reversed, refunded or returned.  Each of these persons is a Settlement Class Member.

## 6.  What do the terms "National City Account,", "National City Debit Card," "National City Debit Card Transaction," and "Overdraft Fee" mean?

The legal definitions in the Settlement Agreement may vary from these definitions, so if you would like to see the precise legal definitions please see the Settlement Agreement. Under the Settlement, the following terms are defined as follows:

**"National City Account"** means a non-business consumer deposit account that at any time carried the "National City" logo or brand, even if after the merger such accounts were transferred to PNC.

**For the sake of clarity, "National City Account" does not include accounts that were originally opened under the "PNC Bank" name.**

 **"National City Debit Card"** means a debit card, check card or any other bank card linked to a National City Account and used for debit purchases.  Only deposit accounts are included, however, so credit cards are not part of this definition.

**"National City Debit Card Transaction"** means a transaction done with or relating to a National City Debit Card, including transactions on a National City Account after National City was merged into PNC. Examples include the use of a National City Debit Card in an automated teller machine ("ATM") and/or for point of sale ("POS") transactions. "Point of sale" transactions include any purchase made using a National City Debit Card at a merchant or retailer.

**"Overdraft Fee"** means an overdraft fee, daily overdraft fee, continuous overdraft fee, or other similar fee associated with a National City Debit Card Transaction.

## 7.  Are there exceptions to being included?

Yes.  Excluded from the Settlement Class are National City Bank, any parent, subsidiary, affiliate or sister company of National City Bank, and all officers or directors of National City Bank, or any parent, subsidiary, affiliate or sister company at any time during the Class Period, and the legal representatives, heirs, successors, and assigns of any of the foregoing. The Court presiding over any motion to approve the Settlement Agreement is excluded from the Settlement Class. Also excluded from the Settlement Class is any person who timely submits a valid request to be excluded from this Settlement Class (*see* "Excluding Yourself from the Settlement" below).

## 8.  What if I am not sure whether I am included in the settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the settlement, visit the settlement website at www.xxxxxxxxxx.com or call the toll free number, 1-866-960-5706. You may also write with questions to National City Overdraft Settlement, PO Box 4098, Portland, OR 97208-4098.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

If the settlement is approved and becomes final, it will provide benefits to Settlement Class Members.

## 9.  What does the settlement provide?

National City will pay $12,000,000 to a Settlement Fund to make payments to eligible Settlement Class Members as well as to pay: (a) attorneys' fees, costs, and expenses; (b) incentive payments; and (c) third party costs to provide notice and to administer the settlement.  In addition, National City will pay up to an additional $500,000 for the third party notice and claims administration costs.

Payments will be made to Settlement Class Members who submit valid claims (*see* "How do I complete my claim?" below).  Claims will be based upon the number of Overdraft Fees that the claimant incurred in any two months

between July 1, 2004 and Month, DD, 2010.  Claimants may be paid up to three times the amount of their claim depending on how many claims are made.  If the total amount needed to pay valid claims exceeds funds available in the Settlement Fund, each Settlement Class Member's payment will be reduced and paid in proportion to all Settlement Class Members' payments.

If there are funds remaining in the Settlement Fund after payments are made to Settlement Class Members, all remaining funds will be distributed to a nonprofit organization or organizations agreed upon by National City and Settlement Class Counsel, and approved by the Court.  Details on all of the settlement benefits are in the Settlement Agreement, which is available at www.xxxxxxxxxxxxx.com.

## 10.  How do I complete my claim?

If you believe you were charged Overdraft Fees between July 1, 2004 and Month DD, 2010, you should complete and submit a claim (*see* "How can I get a payment?" below).  You should prepare your claim carefully after reviewing your records (*see* "What if I do not remember if I paid an Overdraft Fee?" below) and make it ***upon your best knowledge and belief***.  When completing your claim, you may select one of two options.  First, you may agree to permit the Claims Administrator to review data provided by National City to determine the highest number of Overdraft Fees that you paid in any two months from July 1, 2004, to Month DD, 2010 ("**Claim Option 1**").  If you paid Overdraft Fees on accounts that were opened through banks that were later merged into National City; or if you are not certain whether or not the Overdraft Fees you paid were due to National City Debit Card Transactions; or if you are not certain that the Overdraft Fees that you paid were not previously refunded or reversed; or if it is otherwise your preference to determine this information yourself, it is advisable to rely upon your own records to identify the total number of Overdraft Fees that you paid in any two months from July 1, 2004, to Month DD, 2010 ("**Claim Option 2**").  In either case, National City is entitled to review claims to verify that Overdraft Fees are related to National City Debit Card Transactions and not other types of transactions.  You can submit only one claim no matter how many Overdraft Fees you incurred.

## 11.  How will the claims be decided?

Relying on its business records, National City may take steps to verify the information you provided on your claim.  National City may contest the validity of your claim by notifying you, the Claims Administrator and Settlement Class Counsel.  In this case, National City will attempt to reach agreement with you regarding the validity of your claim.  If your claim is contested, National City may be required to provide documentation to the Claims Administrator.  You may also be asked by the Claims Administrator to provide additional information to document your claim.  If National City is not able to reach agreement with you, the Claims Administrator will make a final determination.

The Settlement Agreement, available at www.xxxxxxxxxxxxx.com, provides further details.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM

## 12.  How can I get a payment?

To ask for a payment you must complete and submit a claim.  You can submit a claim online or view and print a paper Claim Form at www.xxxxxxxxxxxxx.com.  You can also request that a Claim Form be mailed to you by calling 1-866-960-5706.

If you complete your claim online, the claim must be submitted on the website by **Month DD, 2010**.  If you complete a paper Claim Form, mail your Claim Form postmarked no later than **Month DD, 2010** to:

> National City Overdraft Settlement
> PO Box 4098
> Portland, OR 97208-4098

## 13.  When will I get my payment?

Payments will be mailed to Settlement Class Members who submit valid claims after the Court grants "final approval" to the settlement and after any appeals are resolved (*see* "The Court's Fairness Hearing," below).  It is uncertain when any appeals made will be resolved, and resolving them can take time.  Please be patient.

## 14.  What am I giving up to get a payment?

If the settlement becomes final, Settlement Class Members who submit a claim or do nothing at all will be releasing the Defendant from all of the claims described and identified in Paragraphs 37-40 of the Settlement Agreement. This means you will no longer be able to sue the Defendant regarding any of the claims described in the Settlement Agreement. There is other class action litigation pending against the Defendant in federal court in Florida that also involves overdraft fee claims. If you submit a claim here, or do nothing, you will give up your right to be a class member (if a class were ever to be certified) in that litigation.

The Settlement Agreement is available at www.xxxxxxxxxxx.com. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in the section "The Lawyers Representing You" for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this proposed settlement and you want to keep the right to sue the Defendant about the legal issues in this case, then you must take steps to get out of the settlement. This is called asking to be excluded from, or sometimes called "opting out" of, the Settlement Class.

## 15.  If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, you may not apply for any benefits under the settlement and you cannot object to the proposed settlement. If you ask to be excluded, however, you may sue or be part of a different lawsuit against the Defendant in the future. You will not be bound by anything that happens in this lawsuit.

## 16.  If I do not exclude myself, can I sue later?

Unless you exclude yourself, you give up the right to sue the Defendant for all of the claims that the proposed settlement resolves. You must exclude yourself from this Settlement Class to start your own lawsuit or be part of any different lawsuit relating to the claims in this case.

## 17.  How do I get out of the settlement?

To exclude yourself from the proposed settlement, you must send a letter or other written document by mail saying that you want to be excluded from "*Trombley, et al. v. National City Bank*" and you must list the account number(s) of your National City Account(s) linked to a National City Debit Card.  In addition, your exclusion request must include, for each account listed:

(1)  The full names and current addresses of everyone whose name is on the account.

(2)  A statement that everyone whose name is on the account satisfies the criteria set forth above to be a Settlement Class Member (*see* "Who is in the Settlement?").

(3)  A statement of intention to exclude everyone whose name is on the account from the Settlement Class.

(4)  The signature of everyone whose name is on the account.

Be sure to include your full name, address, signature, and date.  You must mail your request for exclusion postmarked by **Month DD, 2010** to:

> National City Overdraft Exclusions
> PO Box 4098
> Portland, OR 97208-4098

You cannot ask to be excluded on the phone, by email, or at the website.

## THE LAWYERS REPRESENTING YOU

### 18.  Do I have a lawyer in the case?

The Court appointed Hassan A. Zavareei and Jonathan K. Tycko, of Tycko & Zavareei LLP in Washington, D.C., (202) 973-0900, as "Settlement Class Counsel" to represent you and other Settlement Class Members. You will not be charged for this lawyer.  If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 19.  How will the lawyers be paid?

Settlement Class Counsel will ask the Court for attorney's fees of up to but no more than 25% of the settlement fund ($3 million) along with payment of reasonable costs and expenses.  National City agrees not to oppose this request. All attorneys' fees, costs and expenses will be paid from the Settlement Fund.

Settlement Class Counsel will also request incentive payments of $5,000 to each Settlement Class Representative for their services on behalf of the Settlement Class.  The Court may award less than these amounts.  Payments approved by the Court will be made from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 20.  How do I tell the Court if I do not like the settlement?

You can object to the settlement if you do not like some part of it.  You must give reasons why you think the Court should not approve the settlement. To object, send a letter saying that you object to the proposed settlement, and include:

(1)  the title of the Action (*Trombley, et al. v. National City Bank.*, Case No. 1:10-CV-00232);

(2)  your full name, address, and telephone number,

(3)  all grounds for the objection, accompanied by any legal support for the objection known to you or your counsel, if you have counsel (it is not necessary to be represented by a lawyer to object to the proposed settlement and to participate in court proceedings on it);

(4)  the identity of all counsel representing you, if you have counsel;

(5)  the identity of any counsel representing you who will appear at the Final Fairness Hearing (*see* "The Court's Fairness Hearing," below);

(6)  a list of all persons who will be called to testify at the Final Fairness Hearing in support of your objection, if you plan to call witnesses;

(7)  a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing; and

(8)  your signature or the signature of your duly authorized attorney or other duly authorized representative.

Mail the objection to each of the following three addresses so that it is postmarked no later than **Month DD, 2010**.

| COURT | SETTLEMENT CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court for the District of Columbia<br>333 Constitution Avenue N.W.<br>Washington, D.C. 20001 | Hassan A. Zavareei<br>Jonathan K. Tycko<br>Tycko & Zavareei LLP<br>2000 L St. NW<br>Suite 808<br>Washington, D.C. 20036 | Darryl J. May<br>Ballard Spahr, LLP<br>1735 Market St.<br>51st Floor<br>Philadelphia, PA, 19103 |

### 21.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object to the settlement and you will not be eligible to apply for any benefits under the settlement because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 22.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _:__ _.m. on **Month DD, 2010**, at the United States District Court for the District of Columbia, Court Room No. xxxx, 333 Constitution Avenue N.W., Washington, D.C. 20001.  At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court may also consider Settlement Class Counsel's request for attorneys' fees, costs, and expenses, and incentive awards. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the proposed settlement and how much to award to Settlement Class Counsel as fees, costs, and expenses, and incentive awards.

The Fairness Hearing may be moved to a different date without additional notice, so it is recommended that you periodically check www.xxxxxxxxxxxxx.com for updated information.

### 23.  Do I have to come to the hearing?

No. Settlement Class Counsel will answer any questions the Court may have.  However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend the Fairness Hearing, but their attendance is not necessary.

## 24.  May I speak at the hearing?

To speak at the Fairness Hearing, you must send a letter or other written document saying that it is your "Notice of Intent to Appear" in *Trombley, et al. v. National City Bank*, Case No. 1:10-CV-00232. Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing.  If you intend to have an attorney represent you at the hearing, please indicate this and provide the full name and contact information for your attorney.  Also, please list anyone you or your attorney will call to testify at the hearing. Please send copies of your "Notice of Intent to Appear" to the Court, Settlement Class Counsel, and Defendant's Counsel as listed in Question 21 above. It must be postmarked no later than **Month DD, 2010**.   You cannot speak at the hearing if you exclude yourself from the settlement.

# IF YOU DO NOTHING

## 25.  What happens if I do nothing?

If you are a Settlement Class Member and do nothing you will not get a payment from this settlement.  And, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the claims in this case, ever again.

# GETTING MORE INFORMATION

## 26.  How do I get more information?

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.xxxxxxxxxxxx.com.  You also may write with questions to National City Overdraft Settlement, PO Box 4098, Portland, OR 97208-4098. You can get a Claim Form at the website, or have a Claim Form mailed to you by calling 1-866-960-5706.

Rev 4

Exhibit 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RAMONA TROMBLEY, et al. on behalf of themselves and all other similarly situated, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:10-CV-00232 |
| | Judge John D. Bates |
| NATIONAL CITY BANK, | |
| Defendant. | |

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS,
PRELIMINARILY APPROVING CLASS SETTLEMENT, AND
<u>SCHEDULING A DATE FOR A FINAL FAIRNESS HEARING</u>**

Plaintiffs Ramona Trombley, Jeff Doehner, and Brian Wells, individually and on behalf of the Settlement Class (as defined below), by and through their counsel have requested the Court to enter an Order:  (1) certifying, pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Settlement Class for settlement purposes only; (2) finding that the Settlement Agreement, which was filed with the Court on July 28, 2010, is within the range of fair, reasonable, and adequate, and in the best interest of the Settlement Class;  (3) appointing Hassan A. Zavareei and Jonathan K. Tycko, of Tycko & Zavareei LLP, as Settlement Class Counsel; and (4) scheduling a Final Fairness Hearing to consider final approval of the settlement.

Having reviewed and considered the Settlement Agreement, the motion and memorandum in support for preliminary approval of the settlement, and having heard and considered the arguments of counsel, the Court makes the findings and grants the relief set forth below, certifying a settlement class and preliminarily approving the settlement contained in the

1

Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  Having made the findings set forth below, the Court hereby certifies a plaintiff class for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Settlement Class is defined as:

> All persons who hold or ever held a National City Account who at any time during the Class Period incurred at least one Overdraft Fee associated with at least one National City Debit Card Transaction that was not previously reversed, refunded, or returned to the Settlement Class Member by Defendant.

2.  Excluded from the Settlement Class are National City Bank, any parent, subsidiary, affiliate or sister company of National City Bank, and all officers or directors of National City Bank, or any parent, subsidiary, affiliate or sister company at any time during the Class Period, and the legal representatives, heirs, successors, and assigns of any of the foregoing. The Court presiding over any motion to approve the Settlement Agreement is excluded from the Settlement Class. Also excluded from the Settlement Class is any person who timely submits a valid request to be excluded from this Settlement.

3.  As provided for in the Settlement Agreement, if the Court does not grant final approval of the settlement set forth in the Settlement Agreement, or if the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Actions shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

4.  The Settlement Class is so numerous that joinder of all members is impracticable.

5.  The Court finds, based on the terms of the settlement described in the Settlement Agreement, that:

a.　　There are questions of law and fact common to the Settlement Class;

b.　　The claims of Representative Plaintiffs are typical of the claims of members of the Settlement Class;

c.　　Representative Plaintiffs and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between Representative Plaintiffs and members of the Settlement Class;

d.　　Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

e.　　Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

6.　　Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes only, pursuant to Rule 23.

7.　　The Court preliminarily approves the settlement set forth in the Settlement Agreement as being within the range of fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

8.　　The Court appoints Hassan A. Zavareei and Jonathan K. Tycko, Tycko & Zavareei LLP, as counsel for the Settlement Class ("Settlement Class Counsel").

9.　　Ramona Trombley, Jeff Doehner and Brian Wells are appointed as Representative Plaintiffs.

10.     A hearing (the "Final Fairness Hearing") shall be held before this Court on _____ at _____, in Courtroom _____ of the United States District Court for the District of Columbia to determine:  (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Judgment Order, as provided for in the Settlement Agreement, should be entered granting final approval of the settlement; and (c) whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiff incentive awards should be paid to Settlement Class Counsel for distribution. The Court may adjourn and/or continue the Final Fairness Hearing without further notice to Settlement Class Members.

11.     The Court approves as to form and content the notice provisions as set forth in the Settlement Agreement.

12.     National City shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement.

13.     As soon as is possible, notice shall be issued consistent with the provisions set forth in the Settlement Agreement.

14.     The Court finds that compliance with the notice provisions set forth in the Settlement Agreement is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.

15.     Prior to the Final Fairness Hearing, the Settling Parties shall cause to be filed with the Court an appropriate affidavit or declaration with respect to the completion of notice.

16.     To be excluded from the Settlement, a Settlement Class Member must individually sign and timely submit written notice clearly manifesting his or her intent to a

4

designated Post Office Box established for said purpose. The written notice must refer to *Trombley, et al. v. National City Bank* and must list the account number(s) of the Settlement Class Member's National City account(s) linked to a National City debit card. In addition, the written notice must include, for each account listed: (1) the full names and current addresses of everyone whose name is on the account; (2) a statement that everyone whose name is listed is a Settlement Class Member; (3) a statement of intention to exclude everyone whose name is on the account from the Settlement Class; and (4) the signature of every person whose name is on the account. To be effective, written notice must be postmarked at least twenty-one (21) days prior to the date as set by the Court in the Notice for the Final Fairness Hearing.

17. All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, the Judgment Order entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Settlement Agreement. All persons who submit valid and timely notice of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement Agreement.

18. Settlement Class Members who qualify for and wish to submit a claim for any benefit under the settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the Settlement Agreement.  All Settlement Class Members who qualify for any benefit under the settlement as to which a claim is required but fail to submit a claim therefore in accordance with the requirements and procedures of the Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, and the releases contained therein.

19.    To object to the settlement, a Settlement Class Member must timely file a written statement of objection with the Court. The written statement of objection must set forth: (i) the title of the Action; (ii) the objector's full name, address, and telephone number, (iii) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (iv) the identify of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (viii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representations). To be timely, a written statement of an objection in appropriate form must be filed with the Clerk of the United States District Court for the District of Columbia, at a courthouse location to be designated by the Court, twenty-one (21) days prior to the date set in the Notice for the Final Fairness Hearing, and also served on Proposed Settlement Class Counsel, Hassan A. Zavareei and Jonathan K. Tycko, Tycko & Zavareei LLP, 2000 L St. NW, Suite 808, Washington, D.C. 20036, and Defendant's counsel, Darryl J. May, Ballard Spahr, LLP, 1735 Market St., Philadelphia, Pennsylvania, 19103.

20.    All discovery and pretrial proceedings in this litigation, other than confirmatory discovery provided for in the Settlement Agreement, are stayed and suspended until further order of the Court.

21.    Pending the final determination of the fairness, reasonableness, and adequacy of the settlement set forth in the Settlement Agreement, no Settlement Class Member, either

directly, representatively, or in any other capacity, shall institute, commence, or prosecute any of the Released Claims in any action or proceeding in any court or tribunal.

22.   Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:  (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of National City; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of National City, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

23.   In the event the Court does not grant final approval of the Settlement Agreement or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, the Settling Parties shall be restored to their respective positions in the litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

**SO ORDERED.**

_____
Honorable John D. Bates
United States District Court Judge

Dated: _____, 2010

7

# Exhibit 7

Notice Administrator for U.S. District Court
Post Office Box 0000
Portland, OR 97208-0000

**Legal Notice about a class action settlement.**

PRESORTED
FIRST-CLASS MAIL
US POSTAGE
PAID
CITY, ST
PERMIT # 000

**If you paid overdraft fees to National City
(including accounts transferred to PNC), you could
receive a payment from a legal settlement.**

Exhibit 8

Hilsoft Notifications
July 23, 2010



***Trombley v. National City Bank***
**Proposed Publication Notice Program**
**Top 22 DMA's: Highest Circulation Daily Newspaper**

| DMA | NCB Offices | Newspaper | City, State | Circulation |
|---|---|---|---|---|
| Pittsburg | 168 | *Pittsburgh Post-Gazette* | Pittsburgh, PA | 196,417 |
| Cleveland | 154 | *Cleveland Plain Dealer* | Cleveland, OH | 305,597 |
| Chicago | 150 | *Chicago Tribune* | Chicago, IL | 560,438 |
| Detroit | 125 | *Detroit Free Press*<br>*Detroit News* | Detroit, MI | 401,889 |
| Indianapolis | 96 | *Indianapolis Star* | Indianapolis, IN | 253,795 |
| Columbus | 85 | *Columbus Dispatch* | Columbus, OH | 218,026 |
| West Palm Beach-<br>Ft. Pierce | 75 | *Palm Beach Post* | West Palm Beach,<br>FL | 128,117 |
| Louisville | 68 | *Louisville Courier-Journal* | Louisville, KY | 192,299 |
| Cincinnati | 67 | *Cincinnati Enquirer* | Cincinnati, OH | 185,856 |
| Grand Rapids-<br>Kalamazoo-<br>Battle Creek | 63 | *Grand Rapids Press* | Grand Rapids, MI | 116,943 |
| St. Louis | 60 | *St. Louis Post Dispatch* | Saint Louis, MO | 227,930 |
| Dayton | 47 | *Dayton Daily News* | Dayton, OH | 104,138 |
| Lexington | 35 | *Lexington Herald-Leader* | Lexington, KY | 105,235 |
| Youngstown | 34 | *Youngstown Vindicator* | Youngstown, OH | 55,288 |
| Flint-Saginaw-<br>Bay City | 30 | *Flint Journal* | Flint, MI | 60,075 |
| Toledo | 28 | *Toledo Blade* | Toledo, OH | 126,579 |
| Orlando-<br>Daytona Beach-<br>Melbourne | 28 | *Orlando Sentinel* | Orlando, FL | 220,317 |
| Milwaukee | 25 | *Milwaukee Journal Sentinel* | Milwaukee, WI | 210,668 |
| Ft. Wayne | 24 | *Fort Wayne Journal Gazette* | Fort Wayne, IN | 84,192 |
| Erie | 24 | *Erie Times-News* | Erie, PA | 55,986 |
| South Bend-<br>Elkhart | 21 | *South Bend Tribune* | South Bend, IN | 69,842 |
| Peoria-<br>Bloomington | 21 | *Peoria Journal Star* | Peoria, IL | 65,506 |
| **TOTAL** | **1,428** | | | **3,945,133** |

Approximately 6" x 10" ad units.  Requested placement in "Main News" section.

# Exhibit 9

**COURT TO NOTIFY CUSTOMERS WHO BANKED WITH NATIONAL CITY ABOUT
A CLASS ACTION SETTLEMENT INVOLVING OVERDRAFT FEES.**

WASHINGTON, D.C., Month 00, 2010/ PR Newswire/ --- Judge John D. Bates, of the United States District Court for the District of Columbia ("Court"), preliminarily approved a class action settlement in a lawsuit brought against National City Bank ("National City") on behalf of certain National City bank account holders.  National City was merged into PNC Bank, N.A., on November 6, 2009, and this settlement is limited to those people who were customers of National City before the merger.  As required by the order granting preliminary approval, the settling parties have initiated notice to the settlement class members today.

The Settlement Class includes all persons who hold or ever held a National City Account who at any time from July 1, 2004, through and including Month DD, 2010, incurred at least one Overdraft Fee associated with at least one National City Debit Card Transaction that was not previously reversed, refunded or returned.

The settlement will establish a Settlement Fund of $12 million.  Notices will be mailed directly to Settlement Class Members, appear on PNC's website (www.PNC.com), and are scheduled to appear in selected local newspapers leading up to a hearing on **Month 00, 2010**, when the Court will consider whether to grant final approval to the settlement.

The Court has appointed Hassan A. Zavareei and Jonathan K. Tycko, Tycko & Zavareei LLP, of Washington, D.C., as Proposed Settlement Class Counsel to represent the Class.

Those affected by this settlement can submit a claim for benefits or they can ask to be excluded from, or object to, the settlement and its terms.  The deadline for exclusions and objections is **Month 00, 2011**.  The claim deadline is **Month 00, 2011**.

A toll-free number, 1-8NN-NNN-NNNN, has been established in the case known as *Trombley, et al. v. National City Bank, et al.*, Case No. 1:10-CV-00232, along with a website, www.XXXXXX.com, where the notice, claim form and settlement agreement may be obtained. Those affected may also write to National City Overdraft Settlement, PO Box 0000, Portland, OR 97208.

# # #

/CONTACT:  Press Only: Class Counsel: Hassan A. Zavareei, Tycko & Zavareei LLP, (202) 973-0900; Counsel for Defendants: Darryl J. May, Ballard Spahr, LLP, (215) 864-8103
/URL:  http://www.XXXXXXXX.com
/SOURCE: The United States District Court for the District of Columbia.