UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMONA TROMBLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL CITY BANK, et al.,<br><br>Defendants. | Civil Action No.  10-0232 (JDB) |

## ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Settlement Class, and Setting of a Final Settlement Hearing.  The Court also has received objections to the motion from Robert Matos, the lead plaintiff in an overlapping class action in the Southern District of Florida, Matos v. National City Bank, No. 10-cv-21771, which, in turn, is part of Multidistrict Litigation Proceeding No. 2036, In re Checking Account Overdraft Litigation, also pending in the Southern District of Florida.

Upon preliminary review of the briefs, the Court has determined that supplemental briefing is necessary on the issue whether the Court has subject matter jurisdiction over Plaintiffs' claims. Plaintiffs acknowledge in their brief that the Eleventh Circuit has recently held that a district court lacks jurisdiction to adjudicate a claim under the Class Action Fairness Act of 2005 ("CAFA") if the putative class representative's claimed damages do not reach the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a).  See Pls.' Mem. at 8 (citing Cappuccitti v. DirecTV, Inc., --- F.3d ---, 2010 WL 2803093, at *3 (11th Cir. July 19, 2010)).  However, other than a passing reference to the decision, there is no further discussion of the correctness of that holding.  Plaintiffs apparently refer to Cappuccitti to demonstrate the litigation risks that Plaintiffs face, and hence, to

persuade the Court that a "swift settlement" is in the interests of the proposed Settlement Class. See Pls.' Mem. at 10.  Neither party asserts that subject matter jurisdiction is lacking here, and the Court certainly has not so concluded.

As this Circuit has repeatedly emphasized, however, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists," even if it is not contested. National Mining Ass'n v. Kempthorne, 512 F.3d 702, 706 (D.C. Cir. 2008); see also Network IP, LLC v. FCC, 548 F.3d 116, 120 (D.C. Cir. 2008) ("It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue sua sponte.").  "Indeed, [the court] must raise it, because while arguments in favor of subject matter jurisdiction can be waived by inattention or deliberate choice, we are forbidden -- as a court of limited jurisdiction -- from acting beyond our authority, and no action of the parties can confer subject-matter jurisdiction upon a federal court." Network IP, LLC, 548 F.3d at 120 (internal quotation marks and citations omitted).  Therefore, the Court will require supplemental briefing on whether subject matter jurisdiction exists over plaintiffs' claims and, in particular, whether the amount-in-controversy requirement of 28 U.S.C. § 1332(a) applies under CAFA and, if so, whether one or more plaintiffs have satisfied the requirement.

The Court also has conducted a preliminary review of the objections filed by Robert Matos. It is apparent from his objections that the proposed settlement, if approved, could have a significant impact on other class actions against National City Bank and/or Multidistrict Litigation Proceeding No. 2036.  Therefore, the Court will require supplemental briefing on the scope of the potential impact on those matters.

Accordingly, it is hereby

**ORDERED** that, by not later than September 8, 2010, the parties shall file supplemental briefs, not to exceed 20 pages, on the following subjects: (1)  whether subject matter jurisdiction

exists over plaintiffs' claims and, in particular, whether the amount-in-controversy requirement of 28 U.S.C. § 1332(a) applies under CAFA, and, if so, whether one or more plaintiffs have satisfied the requirement; and (2) the extent of the impact of the proposed settlement (if approved) on other class actions against National City Bank and/or Multidistrict Litigation Proceeding No. 2036.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: August 18, 2010