UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMONA TROMBLEY, et al., on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>NATIONAL CITY BANK, et al.,<br><br>Defendants. | Case No. 1:10-CV-00232<br><br>The Honorable John D. Bates |

**NOTICE OF RECENT DEVELOPMENT SUPPORTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs Ramona Trombley, Jeff Doehner and Brian Wells, by and through their counsel, notify the Court of a recent development which further supports their previously filed Motion for Preliminary Approval and Supplemental Brief. Trombley Dkt., Nos. 6, 19.

On September 10, 2010, United States District Judge Robert M. Dow, Jr. granted preliminary approval to a settlement reached between the parties in the case styled *Schulte v. Fifth Third Bank*, N.D. Ill. Case No. 1:09-CV-06655. Preliminary Approval Order (Schulte Dkt., No. 59), attached as Exhibit 1. In that preliminary approval order, Judge Dow appointed Proposed Class Counsel in this case (Tycko & Zavareei LLP) as Settlement Class Counsel. Judge Dow also rejected objections made by lawyers from the Plaintiffs' Executive Committee ("PEC") in MDL 2036. Those objections rejected by Judge Dow are substantively the same as the ones that the PEC makes here.

Although there are some key differences between the two settlements, the PEC went to great lengths to equate this settlement with the one in *Schulte*. The PEC stated that "the

settlement with Fifth Third provides insufficient monetary consideration for the class ($9.5 million, inclusive of attorneys' fees) *and contains many of the same fundamental structural flaws, such as a distribution plan and claims process that are arbitrary and unfair*" (emphasis added).  Trombley Dkt., No. 16, at 11.  The PEC went on to say that the Fifth Third settlement, as well as the instant settlement, "if approved, would compromise absent class members' *bona fide* rights in exchange for insufficient consideration and other unreasonable settlement terms [...]" *Id*.  And in both cases, the PEC argued that the recent verdict in *Gutierrez v. Wells Fargo* made the agreements wholly unsupportable.

Over these objections, Judge Dow found that the settlement agreement in *Schulte* was "within the range of fair, reasonable, and adequate, and in the best interest of the Settlement Class," and indeed stated that the settlement "appears *relatively generous* when compared to settlements in analogous circumstances" (emphasis added).  Schulte Dkt., No. 15, at 1, 5.  Analyzing both the settlement fund amount and other structural elements of the settlement agreement, Judge Dow agreed that the settlement was deserving of preliminary approval.

The PEC's objections to this settlement are mere replicas of the same objections that have now been rejected by Judge Dow.  **First**, the PEC took issue with the distribution plan in both settlements, stating that the distribution plan in this case "would guarantee the inequitable and irrational distribution of settlement funds" because the distribution "arbitrarily limits compensation to class members to two month periods, regardless of whether damages were actually suffered at other times."  Trombley Dkt., No. 16, at 8.  An identical objection in *Schulte* was based on the settlement's allocation of individual awards based on the overdraft fees incurred in a single 45-day period (here, the period is any two months).  Judge Dow rejected this argument, stating that "[r]eimbursing Class Members for charges incurred during a single 45-day

period allows members to recoup [overdraft fees for which proper notice did not exist]. Conversely, 'chronic overdrafters' can be said to have had actual or constructive notice of Fifth Third's reordering policies, and accordingly have arguably weaker claims." Schulte Dkt., No. 59, at 7.  As such, Judge Dow ruled, "the proposed plan of allocation of settlement benefits is within the range of fairness and reasonableness required for preliminary approval."  *Id*.

*Second*, the PEC faulted the purportedly inadequate discovery in this case and in *Schulte*. But Judge Dow stated that "at this early stage, especially where there is no evidence of collusion, the lack of formal discovery by Plaintiffs' counsel does not remove the settlement from being "within the range of possible [final] approval."  *Id*. at 8.

*Finally*, the PEC argued in both cases that the claims process is unnecessary and that it is unduly burdensome.  Again, Judge Dow rejected this argument: "requiring claimants to submit claim forms in order to receive payment is an ordinary and unobjectionable feature of modern class action litigation."  *Id*.  Judge Dow went on to say that "the form itself is short and clear, and claims may be filed either by mail or on the Internet.  Moreover, because the defendant's total monetary payment to the Settlement Fund will be $9.5 million regardless of the number of claims filed, it seems unlikely that the claims process is designed to limit the 'take rate' of the Class Members.  On balance, the claims process is not so unduly burdensome so as to preclude preliminary approval."  *Id*. at 9.

In summary, Judge Dow's carefully considered decision analyzes and rejects all of the same objections that the PEC makes in this case.

Dated: September 15, 2010 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　  /s/ Hassan Zavareei
　　　　　　　　　　　　　　　　　　　　Hassan A. Zavareei D.C. Bar # 456161
　　　　　　　　　　　　　　　　　　　　Jonathan K. Tycko D.C. Bar # 445851
　　　　　　　　　　　　　　　　　　　　Jeffrey D. Kaliel D.C. Bar # 983578
　　　　　　　　　　　　　　　　　　　　**Tycko & Zavareei LLP**
　　　　　　　　　　　　　　　　　　　　Suite 808
　　　　　　　　　　　　　　　　　　　　2000 L Street, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　(202) 973-0900
　　　　　　　　　　　　　　　　　　　　Proposed Settlement Class Counsel

## **CERTIFICATE OF SERVICE**

I, Hassan A. Zavareei, hereby certify that pursuant to Local Rule 5.4, the foregoing document was caused to be served, electronically via ECF as to filing users and via United States Mail as to the recipients listed below, on this 15th day of September, 2010.

　　　　　　　　　　　　　　　　　　　　  **/s/Hassan A. Zavareei**

**Non-Filing User Recipients**

Darryl J. May
BALLARD SPAHR LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103

Mariah E. Murphy
BALLARD SPAHR LLP
Woodland Falls Corporate Park
210 Lake Drive East
Cherry Hill, NJ 08002