UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMONA TROMBLEY, et. al., on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>NATIONAL CITY BANK,<br><br>Defendant. | Civil Action No. 1:10-CV-00232<br><br>Judge John D. Bates |

**OBJECTIONS OF ROBERT MATOS TO MOTION FOR**
**PRELIMINARY APPROVAL OF REVISED CLASS ACTION SETTLEMENT**

Robert Matos, the named plaintiff in *Matos v. National City Bank*, S.D. Fla. Case No. 10-cv-21771, an overlapping class action made part of Multidistrict Litigation Proceeding No. 2036, *In re Checking Account Overdraft Litigation*, assigned to the Hon. James Lawrence King ("MDL 2036"), by and through his counsel, including Plaintiffs' Lead Counsel and the Plaintiffs' Executive Committee appointed by Judge King in MDL 2036, respectfully submits the following objections to the proposed Revised Class Action Settlement Agreement (the "Revised Settlement") filed on December 22, 2010.  [DE # 34].

**I.      INTRODUCTION**

On November 18, 2010 this Court heard argument in connection with Plaintiffs' motion for preliminary approval of the original settlement and the objections thereto asserted by Objector Matos.  At the conclusion of the hearing, the Court indicated that it would take the matter under advisement and issue an order.  [DE # 32].

On December 17, 2010, without having issued an order, the Court convened a telephone conference with counsel for Plaintiffs and Defendant to discuss certain issues pertaining to the request for preliminary approval of the original settlement. Objector Matos' counsel was not invited to participate in this telephone conference and first learned of it when the Court issued a notice later the same day. [DE # 33].

On December 22, 2010, Plaintiffs filed the Revised Settlement along with a motion for preliminary approval. [DE # 34]. The "blackline" version of the Revised Settlement [DE # 34-2] reflects that many of the fundamental flaws and deficiencies raised in Objector Matos' original objections remain uncured. Thus, Objector Matos files these objections to the motion seeking preliminary approval of Revised Settlement, and respectfully urges the Court to deny preliminary approval.

## II.   ARGUMENT

### A.   Since Plaintiffs Failed to Conduct Significant Pre-Settlement Discovery or Any Independent Damages Analysis, the Adequacy of the Proposed Revised Settlement Cannot Be Properly Evaluated.

The Revised Settlement and the accompanying motion for preliminary approval do not cure the objections engendered by Plaintiffs' failure to conduct any pre-settlement discovery or independent damage analysis prior to entering into the original settlement. To avoid unnecessary duplication on this issue, Objector Matos hereby adopts and incorporates by reference the arguments and authorities set forth in Section II.A of his objections to the original settlement, filed August 13, 2010. [DE # 11].

### B.   The Proposed Allocation of Settlement Proceeds Remains Arbitrary and Inequitable.

The Revised Settlement will allow members of the proposed settlement class to submit claims for all overdraft fees incurred during any two months during the six year class period,

rather than two consecutive months as provided in the original settlement.  *See* Revised Settlement, ¶ 27.  This change does not cure the deficiency previously outlined by Objector Matos; it merely highlights the arbitrary and inequitable impact on many settlement class members.

For example, if settlement class member Jones sustained two (2) wrongful overdraft fees in each of 15 separate months during the class period (*i.e.*, for a total of 30 wrongful overdraft fees during the six year class period), settlement class member Jones would be entitled to submit a claim for a total of four (4) wrongful overdraft fees under the Revised Settlement.  If settlement class member Smith, on the other hand, sustained eight (8) wrongful overdraft fees in each of two separate months during the class period (*i.e.*, for a total of 16 wrongful overdraft fees during the six year class period), settlement class member Smith would be entitled to submit a claim for a total of sixteen (16) wrongful overdraft fees under the Revised Settlement.  Under this scenario, settlement class member Jones will clearly be treated differently than settlement class member Smith.  The Revised Settlement does not provide that every settlement class member may submit up to a total of X overdraft fees for reimbursement.  If it did, settlement class members Jones and Smith, and all other settlement class members, would have the opportunity to submit the same total number of overdraft fees as part of their claim, alleviating internal inequities.

The proposed method of allocation under the Revised Settlement remains arbitrary and inequitable among settlement class members.  Such an arbitrary and inequitable plan of allocation does not pass muster even at the preliminary approval stage.  To avoid unnecessary duplication, Objector Matos hereby adopts and incorporates by reference the remaining arguments and authorities set forth in Section II.B of his objections to the original settlement.

[DE # 11].

### C.  The Claims Process Remains Unnecessary and Unduly Burdensome.

The Revised Settlement still requires class members to submit claims in order to recover from the settlement fund.  *See* Revised Settlement, ¶¶ 26, 27.  While claims-made settlements are utilized and permitted in some circumstances, the record in this case does not justify such a claims-made distribution.  It is evident from the Revised Settlement that National City has all of the information required to determine each class member's share of damages.  *See* Revised Settlement, ¶ 15.  A claims process here is unnecessary and unduly burdensome to settlement class members, and may very well result in a significant amount of the settlement fund not being distributed to settlement class members at all.  To avoid unnecessary duplication, Objector Matos hereby adopts and incorporates by reference the arguments and authorities set forth in Section II.C of his objections to the original settlement. [DE # 11].

### D.  The Modified Release and Notice Remain Defective.

The Revised Settlement includes changes to the release language and the notice to the class.  These changes do not cure the fatal flaws that warrant denial of preliminary approval.

The Revised Settlement amends paragraphs 1(m) and 4 to clarify that the settlement does not cover accounts originally opened with PNC Bank and other predecessor banks (other than National City) subsequently acquired by PNC Bank.  The Revised Settlement also amends paragraph 37 to clarify that the would-be release covers claims being prosecuted against National City and PNC Bank in MDL 2036.

What the Revised Settlement continues to do is to provide a broad, all-encompassing release in favor of PNC Bank, which was never even named as a defendant in this action but which is being sued in MDL 2036 as the successor in interest to National City.  Under the circumstances present here, where Plaintiffs never sued PNC Bank for the alleged wrongdoing of

National City, and where Objector Matos and other National City account holders are prosecuting claims against PNC Bank in MDL 2036 based on the wrongful overdraft fee policies and practices of National City, it is improper to grant preliminary approval or to approve the proposed notice which includes PNC Bank.  The adverse effect the release, as well as the notice, will have on the ongoing litigation against PNC Bank in MDL 2036 will be irreparable.

  **E.** **The Modified Injunction Language Remains Defective.**

  Finally, the Revised Settlement amends paragraph 39 to substitute an "agreement not to sue" in place of an injunction.  This is a distinction without a difference.

  Depending on this Court's construction of the modified language of paragraph 39, Objector Matos and other National City account holders named in the Consolidated Amended Complaint filed in MDL 2036 on December 6, 2010 against PNC Bank as successor to National City *may* be prohibited from pursuing their claims upon entry of an order granting *preliminary approval* to the Revised Settlement.  Unlike the release provision in paragraph 37 of the Revised Settlement, which specifically provides that it is effective as of the "Effective Date" (defined in paragraph 35 of the Revised Settlement), paragraph 39 does not specify that it only becomes operative on the Effective Date.  Plaintiffs and/or National City may claim that this Court's *preliminary approval* order requires Objector Matos and all other National City to cease their ongoing litigation in MDL 2036 against PNC Bank, as successor to National City, despite a scheduling order entered by Judge King in MDL 2036 directing the parties to litigate their claims.  While an injunction or agreement not to sue may be appropriate following entry of a *final approval* order, it is inappropriate based on a *preliminary approval* order, even more so here where the parties are litigating in MDL 2036 under court order and there are serious doubts about whether the Revised Settlement will receive final approval.  Requiring Objector Matos and all other National City account holder plaintiffs suing PNC Bank in MDL 2036 to cease the

prosecution of their claims while the settlement approval process winds its way through this Court and the United States Court of Appeals will prejudice the rights of Objector Matos and others, and will severely disrupt the ongoing proceedings in MDL 2036.

### III. CONCLUSION

Based on the foregoing, Objector Matos respectfully urges the Court to deny preliminary approval of the Revised Settlement.

Dated: December 28, 2010.                     Respectfully submitted,

                                                                    /s/ Roger M. Adelman
Roger M. Adelman (DC Bar No. 056358)
**Law Office of Roger M. Adelman**
1100 Connecticut Avenue, NW
Suite 730
Washington, DC  20036

Robert C. Gilbert *(admitted pro hac vice)*
**Alters Law Firm, P.A.**
4141 N.E. 2nd Avenue
Miami, FL  33137
(305) 571-8550

Michael W. Sobol *(admitted pro hac vice)*
Roger N. Heller *(admitted pro hac vice)*
**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111
(415) 956-1000

Bonny E. Sweeney *(admitted pro hac vice)*
**Robbins Geller Rudman & Dowd LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

Eric B. Fastiff (DC Bar No. 453854)
**Lieff, Cabraser, Heimann & Bernstein, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
*Counsel for Objector Robert Matos*

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I, Roger N. Heller, one of the attorneys for Objector Robert Matos, hereby certify that the proceeding document was caused to be served electronically this 28th day of December 2010, pursuant to ECF as to Filing users, and that I shall comply with LR 5.5 as to any party who is not a filing user or represented by a filing user.

*/s/ Roger N. Heller*_____

906382.1