IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMONA TROMBLEY, et al. on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL CITY BANK,<br><br>Defendant. | Civil Action No. 1:10-CV-00232<br><br>Judge John D. Bates |

**PLAINTIFFS' RESPONSE TO OBJECTIONS OF ROBERT MATOS
TO PLAINTIFFS' UNOPPOSED RENEWED MOTION FOR PRELIMINARY
<u>APPROVAL OF REVISED CLASS ACTION SETTLEMENT</u>**

Plaintiffs Ramona Trombley, Jeff Doehner and Brian Wells, ("Plaintiffs" or "Representative Plaintiffs"), individually and on behalf of the Proposed Settlement Class, respectfully submit the following Response to the Objections of Robert Matos ("Matos") to Plaintiffs' unopposed Renewed Motion for Preliminary Approval of the Revised Class Action Settlement, filed by Matos on December 28, 2010 (Dkt. No. 35) (hereinafter, "Objections").

**A.  Matos Is Repeating His Earlier Meritless Objections**

In his Objections, Matos lists five (5) objections to the Revised Settlement Agreement entered into by the parties on December 22, 2010 and filed with the Court for preliminary approval on the same date. As he repeatedly admits in his Objections (Dkt. No. 35, at 2, 3), nearly all of these objections were already raised by Matos in his objections to the parties' original settlement agreement. *See* Dkt. Nos. 11, 16. As Plaintiffs detailed in their Supplemental Brief and Response to Matos' Objections, and at the hearing held November 18, 2010 before this Court, these objections are meritless and should be rejected in their entirety. *See* Dkt. Nos. 19,

1

20. Plaintiffs will not burden the Court by restating their responses to the arguments raised in Sections A-D of the Objections. Plaintiffs adopt and incorporate by reference the arguments and authorities set forth in Sections B and C of their Supplemental Brief and Response to Matos' Objections, filed September 8, 2010. Dkt. No. 19. Plaintiffs also incorporate the arguments made to the Court during the hearing on November 18, 2010.

**B.     Matos' Only New Objection Is Similarly Baseless And Should Be Rejected**

Matos' new objection relates to the removal of injunctive relief from the Revised Settlement Agreement and the proposed orders. Matos summarily raises two arguments in support of this objection. Dkt. No. 35, at 5-6.

First, Matos argues that the "agreement not to sue" in the Revised Settlement Agreement is no different from the injunction that was part of the parties' original Settlement Agreement. Matos does not provide a basis for this contention, but it is hard to see how a prohibitive injunction—which could potentially expose a person to contempt proceedings for a violation— can be equated with an agreement not bring or prosecute a lawsuit. Such a covenant is a common (and enforceable) element of class action settlements. *See, e.g., Richard's Lumber & Supply Co. v. U.S. Gypsum Co.,* 545 F.2d 18, 21 (7th Cir. 1976) (holding that covenant not to sue in class action properly barred subsequent lawsuit and that in a "class action settlement, due process requirements are satisfied when notice has been given to the individual members of the class and the standards of adequate representation have been met"). Matos has cited no authority that such covenants are improper.

Second, Matos argues that even though the newly revised proposed preliminary approval order no longer contains an injunction (*see* Exhibit 6 to the Revised Settlement Agreement), Matos "and other National City account holders named in the Consolidated Amended Complaint

filed in MDL 2036 on December 6, 2010 against PNC Bank as successor to National City *may* be prohibited from pursuing their claims upon entry of an order granting *preliminary approval* to the Revised Settlement." *Id.* (emphases in original).

     This conjecture is based on Matos' incorrect reading of Paragraph 39 of the Revised Settlement Agreement. According to Matos, Paragraph 39—which contains the covenant not to sue—"does not specify that it only becomes operative on the Effective Date." Dkt. No. 35, at 5. But Paragraph 39 only applies to "Released Parties." And "Released Parties" is defined in the Revised Settlement Agreement to mean those class members who do not opt out of the settlement. Thus, this provision does not come into play until after the opt out process is over. Matos and any other class members who wish to pursue their own individual actions may do so by excluding themselves from the settlement class. There is absolutely nothing in the Revised Settlement Agreement or the proposed preliminary approval order that could be construed to prohibit the prosecution of any claims in the interim.

     In short, it is simply untrue that, if this Court grants preliminary approval, Matos and the other National City account holders suing PNC Bank in MDL 2036 will be required to cease prosecution of their claims in that case. Furthermore, and contrary to Matos' suggestion, settlement of this case does not, in any way, *require* that Matos or any other Settlement Class Member dismiss the case pending before the MDL. Matos, and any other Settlement Class Member who so desires, may opt-out of the settlement. By doing so, they will not be governed by the covenant not to sue and may proceed with the other litigation. As such, there is no basis for Matos' claim that, as a result of this settlement, he will be barred from prosecuting his claims in MDL 2036.

Based on the foregoing, Plaintiffs respectfully asks the Court to reject Matos' Objections in their entirety and grant all of the relief requested in Plaintiffs' Unopposed Renewed Motion for Preliminary Approval.

Dated: December 29, 2010                    *Proposed Settlement Class Counsel*,

    /s/ Hassan Zavareei
Hassan A. Zavareei
Jonathan K. Tycko
Jeffrey D. Kaliel
**Tycko & Zavareei LLP**
Suite 808
2000 L Street, N.W.
Washington, D.C. 20036
(202) 973-0900

## **CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

      I, Hassan A. Zavareei, one of the attorneys for Plaintiffs, hereby certify that the proceeding document was caused to be served electronically this 29th day of December 2010, pursuant to ECF as to Filing users, and that I shall comply with LR 5.5 as to any party who is not a filing user or represented by a filing user.

                                        /s/ Hassan Zavareei