UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAMONA TROMBLEY, et al.,** on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**NATIONAL CITY BANK,**<br><br>Defendant. | Civil Action No. 10-00232 (JDB) |

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT,
CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF THE NOTICE PLAN,
AND SCHEDULING A DATE FOR A FINAL FAIRNESS HEARING**

Upon consideration of [6] plaintiffs' motion for preliminary approval, superseded by [34] plaintiffs' renewed motion for preliminary approval, the parties' several memoranda, the motions hearing before this Court on November 18, 2010, the entire record herein, and for the reasons explained in the accompanying Memorandum Opinion issued on this date, the Court will grant preliminary approval to the settlement contained in the parties' Revised Settlement Agreement upon the terms and conditions set forth in this Order.  Terms and phrases in this Order shall have the same meaning as defined in the Revised Settlement Agreement.  Accordingly, it is hereby **ORDERED** that:

1.Having made the findings set forth below, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only in accordance with the terms of the Revised Settlement Agreement (the "Settlement Class").  The Settlement Class is defined as:

All persons who hold or ever held a National City Account who at any time during the Class Period incurred at least one Overdraft Fee associated with at least one National

City Debit Card Transaction that was not previously reversed, refunded, or returned to the Settlement Class Member by Defendant.

The Class Period is defined as: July 1, 2004 to August 15, 2010.

Excluded from the Settlement Class are National City Bank, any parent, subsidiary, affiliate or sister company of National City Bank, and all officers or directors of National City Bank, or any parent, subsidiary, affiliate or sister company at any time during the Class Period, and the legal representatives, heirs, successors, and assigns of any of the foregoing.  The Court presiding over any motion to approve the Revised Settlement Agreement is excluded from the Settlement Class.  Also excluded from the Settlement Class is any person who timely submits a valid request to be excluded from this settlement.

As provided for in the Revised Settlement Agreement, if the Court does not grant final approval of the settlement set forth in the Revised Settlement Agreement, or if the settlement set forth in the Revised Settlement Agreement is terminated in accordance with its terms, then the Revised Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Actions shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

2. The Settlement Class is so numerous that joinder of all members is impracticable.

3. The Court preliminarily finds, based on the terms of the settlement described in the Revised Settlement Agreement, that:

(a) There are questions of law and fact common to the Settlement Class;

(b) The claims of Representative Plaintiffs are typical of the claims of the members of the Settlement Class;

(c)  Representative Plaintiffs and Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class.  There are no conflicts of interest between Representative Plaintiffs and members of the Settlement Class;

(d)  Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

(e)  Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.

4.  Accordingly, the Court hereby preliminarily certifies the Settlement Class, for settlement purposes only, pursuant to Fed. R. Civ. P. 23.

5.  The Court preliminarily approves the settlement set forth in the Revised Settlement Agreement as being within the range of fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

6.  The Court appoints Hassan A. Zavareei, Tycko & Zavareei LLP, as counsel for the Settlement Class ("Settlement Class Counsel").

7.  Ramona Trombley, Jeff Doehner and Brian Wells are appointed as Representative Plaintiffs.

8.  A hearing (the "Final Fairness Hearing") shall be held before this Court on June 13, 2011 at 9:00 a.m., in Courtroom 8 of the United States Courthouse, Washington, D.C. to determine: (a) whether the settlement set forth in the Revised Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a Judgment

Order, as provided for in the Revised Settlement Agreement, should be entered granting final approval of the settlement; and (c) whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiff incentive awards should be paid to the Settlement Class Counsel for distribution. The Court may adjourn and/or continue the Final Fairness Hearing without further notice to Settlement Class Members.

9. The Court approves as to form and content the notice provisions as set forth in the Revised Settlement Agreement.

10. The Court approves and appoints Hilsoft Notifications as Notice Administrator and any claims administrator agreed to by the Settling Parties as Claims Administrator.

11. National City shall comply with the obligation to give notice under CAFA, 28 U.S.C. § 1715, in connection with the proposed settlement.

12. As soon as is possible and in any event within one hundred (100) days of this Order, notice shall be issued consistent with the provisions set forth in the Revised Settlement Agreement.

13. The Court finds that compliance with the notice provisions set forth in the Revised Settlement Agreement is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.

14. Prior to the Final Fairness Hearing, the Settling Parties shall cause to be filed with the Court an appropriate affidavit or declaration with respect to the completion of notice.

15. To be excluded from the settlement, a Settlement Class Member must individually sign and timely submit written notice clearly manifesting his or her intent to a

designated Post Office Box established for said purpose. The written notice must refer to Trombley, et al. v. National City Bank and must list the account number(s) of the Settlement Class Member's National City account(s) linked to a National City debit card. In addition, the written notice must include, for each account listed:

    (a) The full names and current addresses of everyone whose name is on the account.

    (b) A statement that everyone whose name is on the account satisfies the criteria to be a Settlement Class Member.

    (c) A statement of intention to exclude everyone whose name is on the account from the Settlement Class.

    (d) The signature of everyone whose name is on the account.

To be effective, written notice must be postmarked at least twenty-one (21) days prior to the date of the Final Fairness Hearing.

16. All persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of the Revised Settlement Agreement, the Judgment Order entered thereon, and all Orders entered by the Court in connection with the settlement set forth in the Revised Settlement Agreement. All persons who submit valid and timely notice of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Revised Settlement Agreement.

17. Settlement Class Members who qualify for and wish to submit a claim for any benefit under the settlement as to which a claim is required shall do so in accordance with the requirements and procedures of the Revised Settlement Agreement. All Settlement Class Members who qualify for any benefit under the settlement as to which a claim is required but fail to submit a claim therefor in accordance with the requirements and procedures of the Revised

Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Revised Settlement Agreement, and the releases contained therein.

18. To object to the settlement, the motion for final approval, the motion for attorneys' fees, costs, and expenses, or for an incentive award, a Settlement Class Member must timely file a written statement of objection with the Court. The written statement of objection must set forth:

> (a) title of the action [Trombley, et al. v. National City Bank];
>
> (b) the objector's full name, address, and telephone number;
>
> (c) all reasons for the objection;
>
> (d) the names of all attorneys representing the objector, if any;
>
> (e) the names of all attorneys representing the objector who will appear at the Final Fairness Hearing;
>
> (f) a list of all people the objector will call to testify at the Final Fairness Hearing, if any;
>
> (g) a statement stating whether the objector will appear and/or testify at the Final Fairness Hearing; and
>
> (h) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representations).

To be timely, a written statement of an objection in appropriate form must be filed with the Clerk of the United States District Court for the District of Columbia, twenty-one (21) days prior to the date of the Final Fairness Hearing, and also served on Proposed Settlement Class Counsel, Hassan A. Zavareei, Tycko & Zavareei LLP, 2000 L St. NW, Suite 808, Washington D.C. 20036, and Defendant's counsel, Darryl J. May, Ballard Spahr, LLP, 1735 Market St.,

Philadelphia, Pennsylvania 19103.

19. All discovery and pretrial proceedings in this litigation, other than confirmatory discovery provided for in the Revised Settlement Agreement, are stayed and suspended until further order of the Court.

20. Neither the Revised Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Revised Settlement Agreement or the settlement: (a) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of National City; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of National City, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

21. In the event the Court does not grant final approval of the Revised Settlement Agreement or the settlement set forth in the Revised Settlement Agreement is terminated in accordance with its terms, the Settling Parties shall be restored to their respective positions in the litigation, except that all scheduled litigation deadlines shall be reasonably extended so as to avoid prejudice to any Settling Party or litigant.  In such event, the terms and provisions of the Revised Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Revised Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

22. The Court sets the following schedule for the Final Fairness Hearing and the actions which must precede it:

(a) Initial notice shall be mailed to the Settlement Class by no later than March 14, 2011.

(b) Representative Plaintiffs shall file their Motion for Final Approval, Motion for Attorneys' Fees, Costs and Expenses, and Motion for Incentive Award by no later than April 25, 2011.

(c) Settlement Class Members must file any objections to the settlement, the Motion for Final Approval, the Motion for Attorneys' Fees, Costs and Expenses, and/or the Motion for Incentive Award by no later than May 23, 2011.

(d) Settlement Class Members must file requests for exclusion from the settlement by no later than May 23, 2011.

(e) Reply briefs may be filed in response to any objections by no later than June 6, 2011.

(f) The Final Fairness Hearing will take place on June 13, 2011, at 9:00 a.m., at the United States District Court for the District of Columbia, in Courtroom 8.

(g) The deadline to file claims is no later than July 28, 2011.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  January 11, 2011