## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAMONA TROMBLEY, et al., on behalf of herself and all others similarly situated,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No.  10-00232 (JDB)** |
| **NATIONAL CITY BANK,** | |
| **Defendant.** | |

## ORDER

On July 14, 2011, the Court held a fairness hearing to determine: (a) whether the settlement set forth in the Revised Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether to grant final approval of the settlement; and (c) whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiff incentive awards, should be approved.  At that hearing, the Court heard and considered extensive arguments from the settling parties and from objectors Ana Rosen and Robert Matos; the Court has also considered the submissions of the settling parties and the submissions of appearing and non-appearing objectors.  The Court has concluded that supplemental briefing on the following issues would be beneficial.  Accordingly, the following is hereby **ORDERED:**

1.  The settling parties are directed to submit a supplemental memorandum not to exceed fifteen (15) pages by not later than August 29, 2011 addressing the following issues.

2.  The settling parties have represented that retrieval and usage of National City Bank data from the class period would be unduly costly and burdensome, but have

yet to provide specific information regarding the actual feasibility of obtaining

relevant data relating to overdraft fee transactions incurred by class members for

the class period of July 1, 2004 to August 15, 2010.  Accordingly, the settling

parties are directed to provide specific information regarding the feasibility of

obtaining and analyzing such data, including the estimated cost of obtaining such

data as well as the estimated time frames required for providing such data, and

any other considerations relating to the access and analysis of such data that have

not already been provided.

3.   Plaintiffs have represented that the effect of Regulation E[1] on the incurrence of

overdraft fees was unknown, and have speculated that there was no reason to

assume that Regulation E impacted the estimated valuation of damages.

However, none of the submissions or representations have provided the Court

with sufficient information to make a determination as to the effect of Regulation

E.  There is at least some question as to whether the valuation provided by

plaintiffs should have accounted for the potential effect that Regulation E might

have on the valuation of damages.   Hence, the settling parties shall address why

the use of post-Regulation E data in their independent analysis is appropriate in

this circumstance, where the damages were incurred by the class prior to the

effective date of Regulation E.

4.   The settling parties are directed to further address the concerns raised by objector

Matos at the fairness hearing regarding the issue of overlapping classes with

respect to pending proceedings against National City and PNC in the multi-district

---

[1] Regulation E, 12 C.F.R. § 205 et seq., was issued pursuant to the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.

litigation.  To the extent possible, the parties shall provide information regarding the estimated number of class members who were initially National City customers, but who then became PNC customers, and who are anticipated to overlap with other classes in proceedings currently pending before the multi-district litigation.  The settling parties shall also address the potential amendment of the class period, which currently runs from July 1, 2004 to August 15, 2010, to either the period from July 1, 2004 to the time of the merger with PNC in November 2009 or the period from July 1, 2004 to June 2010, when the transition of National City customers to PNC was apparently fully completed.

5.      By September 2, 2011, the settling parties shall provide the Court with a final status report, which shall set forth information current as of the close of the claims period (August 24, 2011) relating to the following: (a) the total number of claims that have been submitted; (b) the total number of opt-outs from the class; and (c) the total and average amount of overdraft fee reimbursement that is expected to be paid to each claimant.  Updated information regarding the costs of administration and notice should also be provided.

6.      Any objectors who wish to respond to the supplemental memorandum shall do so by not later than September 9, 2011; such responses shall not exceed seven (7) pages.

**SO ORDERED.**

_____/s/_____

JOHN D. BATES
United States District Judge

Dated:  July 27, 2011