UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAMONA TROMBLEY, et al., on behalf of herself and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**NATIONAL CITY BANK,**<br><br>Defendant. | Civil Action No. 10-00232 (JDB) |

## ORDER AND FINAL JUDGMENT

Upon careful consideration of the Revised Settlement Agreement, its subsequent modifications, [41] plaintiffs' motion for final approval of the class action settlement, [42] plaintiffs' motion for an award of attorneys' fees, reimbursement of expenses, and incentive awards to the representative plaintiffs, the parties' several memoranda, the objectors' memoranda, the final fairness hearing held before this Court on July 14, 2011, and the entire record herein, and for the reasons explained in the accompanying Memorandum Opinion issued on this date, the Court grants final approval of the settlement as set forth in the parties' Revised Settlement Agreement, as modified in accordance with the terms of the Revised Settlement Agreement, upon the terms and conditions set forth in this Order and Final Judgment.

On January 11, 2011, the Court entered an Order of Preliminary Approval that, among other things, (a) preliminarily certified a plaintiff class for settlement purposes only (the "Settlement Class") in accordance with the terms of the Revised Settlement Agreement and with Fed. R. Civ. P. 23, (b) approved the form of notice to Settlement Class Members and the method

of dissemination, and directed that appropriate notice of the settlement be given to the Settlement Class; and (c) set a final fairness hearing date.

The notice to the Settlement Class ordered by the Court in its January 11, 2011 Order has been provided, as attested to in the affidavit of Cameron R. Azara, Esq., filed with the Court on May 27, 2011.  On July 14, 2011, a final fairness hearing was held on whether the settlement set forth in the Revised Settlement Agreement was fair, reasonable, and adequate to the Settlement Class.  Having reviewed and considered the submissions with respect to the settlement set forth in the Revised Settlement Agreement, the various memoranda provided by the parties and the objectors, and the record in these proceedings, and having heard and considered the evidence presented by the parties, and the objectors, and the arguments of counsel,  it is hereby

**ORDERED, ADJUDGED**, and **DECREED** that:

1. Terms and phrases in this Order and Final Judgment shall have the same meaning as defined in the Revised Settlement Agreement, unless otherwise defined herein.

2. The Court has jurisdiction over this action, the parties, and all claims asserted in the action pending before this Court.

3. The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process.  The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances.  In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.

4. The Settlement Class is hereby certified.  Pursuant to Rule 23 and the Court's

January 11, 2011 Order granting preliminary approval, the Settlement Class is defined as:

> All persons who hold or ever held a National City Account who at any time during the Class Period incurred at least one Overdraft Fee associated with at least one National City Debit Card Transaction that was not previously reversed, refunded, or returned to the Settlement Class Member by Defendant.

5.  The Class Period is defined as: July 1, 2004 to August 15, 2010.

6.  Excluded from the Settlement Class are National City Bank, any parent, subsidiary, affiliate or sister company of National City Bank, and all officers or directors of National City Bank, or any parent, subsidiary, affiliate or sister company at any time during the Class Period, and the legal representatives, heirs, successors, and assigns of any of the foregoing. The Court presiding over any motion to approve the Revised Settlement Agreement is excluded from the Settlement Class.

Also excluded from the Settlement Class are those persons identified in Exhibit A hereto, who submitted timely and valid requests for exclusion from the Settlement Class. Such persons shall neither share in the distribution of the Settlement Fund nor receive any benefits of the terms of the Revised Settlement Agreement, and shall not be bound by this Order and Final Judgment.

7.  Representative plaintiffs and Settlement Class Counsel fairly and adequately represented the interests of the Settlement Class in connection with the settlement set forth in the Revised Settlement Agreement.

8.  All objections to the settlement set forth in the Revised Settlement Agreement have been carefully considered. With regard to those objections, they have been found either to be mooted by the settlement or are rejected. The Court concludes that the settlement is in all respects fair, adequate, and reasonable under the circumstances.

9. Representative Plaintiffs, National City, and Settlement Class Members shall consummate the settlement according to the terms of the Revised Settlement Agreement, including any modifications to the Revised Settlement Agreement that have been agreed upon by the settling parties as set forth in the Revised Settlement Agreement and submitted to this Court. Such subsequent modifications include the shortening of the release period, which will now run from July 1, 2004 to June 21, 2010, and agreements by defendant to increase its contribution to paying notice and administration costs from $1.5 million to $1.8 million. The Revised Settlement Agreement, each and every term and provision thereof, and the ensuing modifications, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

10. All claims in this action are hereby dismissed in their entirety and with prejudice upon entry of this Order and Final Judgment, with each side to bear its own fees and costs, except as otherwise provided for in the Revised Settlement Agreement.

11. By entry of this Order and Final Judgment, each Settlement Class Member shall, as set forth below, have fully released and forever discharged the Released Parties, and each of them, of and from any and all rights, claims, liabilities, action, causes of action, costs and attorneys' fees, demands, damages and remedies, known or unknown, liquidated or unliquidated, legal, statutory, declaratory or equitable, that Releasing Parties ever had, now have, or may have in the future, that result from, arise out of, are based upon, or relate to in any way to the conduct, omissions, duties or matters alleged in the Complaint and in the MDL Proceedings (insofar as the MDL Proceedings relate to the putative National City national class and state subclass as defined in the Consolidated Amended Complaint), including claims relating to any or all of the

following: (a) any failure to adequately and fully disclose the procedure for authorization and approval of overdrafts on or resulting from National City Debit Card Transactions; (b) any failure to warn when National City Debit Card Transactions would cause a National City Account to be overdrawn, or an Overdraft Fee or Fees to be assessed; (c) the authorization and approval of any National City Debit Card Transactions when such transactions resulted in overdrafts; (d) any failure to adequately and fully disclose the order and manner in which items are posted to National City Accounts, and the significance and effects of such posting order; (e) the use and application of any and all posting orders applied to National City Accounts; (f) any failure to adequately and fully disclose funds availability policies on deposits and account balances insofar as those policies affect overdrafts; (g) the use of any and all funds availability policies applied to National City Accounts to the extent such policies impacted overdrafts on National City Debit Card Transactions; (h) any violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, and Regulation E, 12 CFR Part 206, insofar as the Act and Regulation relate to overdrafts in connection with electronic transactions; (i) the accuracy of any account balance or other information relating to use of a National City Debit Card insofar as such information may have led the account-holder to incur an overdraft fee or fees; and (j) any statements, representations, marketing, or advertising relating to the use of National City Debit Cards in any way bearing on overdrafts and/or overdraft fees.

12. As agreed upon by the parties, the period of the release of claims by Settlement Class Members who do not opt-out of the settlement ("Release Period") shall be shortened from the class period, which runs from July 1, 2004 to August 15, 2010. The Release Period shall apply to claims from July 1, 2004 to June 21, 2010. Settlement Class Members may still receive

compensation for eligible claims made based on overdrafts incurred from the end of the release through the end of the class period.

13.  Releasing Parties and each of them have agreed not to sue and have therefore agreed not to prosecute any equitable or legal proceeding against any Released Party with respect to any of the Released Claims or any of the actions taken by a Released Party that are authorized or required by the Revised Settlement Agreement or by this Order and Final Judgment. Without affecting the finality of this judgment in any way, the Court retains jurisdiction to enforce the judgment, releases, and covenant not to sue set forth in the Revised Settlement Agreement and embodied in this Order and Final Judgment.

14.  The Court has considered the representations and arguments made at the final fairness hearing, and reviewed Settlement Class Counsel's petition for attorneys' fees, costs, and expenses, and incentive awards to representative plaintiffs, as well as the responsive memoranda (including those filed by objectors), and hereby awards attorneys' fees in the amount of $ 3,000,000.00, costs and expenses in the amount of $ 77,857.05, and incentive awards to representative plaintiffs in the amount of $ 5000.00 each to Ramona Trombley, Jeff Doehner, and Brian Wells.  These amounts will be distributed in accordance with the terms of the Revised Settlement Agreement.  The Court authorizes Settlement Class Counsel to allocate and distribute said funds.  Any dispute concerning said allocations shall be under the jurisdiction of this Court.

15.  Without affecting the finality of this Order and Final Judgment in any way, the Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Revised Settlement Agreement.

16. In the event the Effective Date set forth in the Revised Settlement Agreement does not occur, this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Revised Settlement Agreement, this Order and Final Judgment and all orders entered in connection herewith shall be vacated and null and void.

**SO ORDERED.**

          /s   John D. Bates
          JOHN D. BATES
          United States District Judge

Dated:  December 1, 2011

**epiq SYSTEMS**

National City Opt Outs
August 31, 2011

|    | First Name | Last Name | First Name2 | Last Name2 | City | State |
|----|------------|-----------|-------------|------------|------|-------|
| 1  | BARBARA | PETZEL | | | MT PLEASANT | PA |
| 2  | KLINT | PETERS | | | WASHINGTON | PA |
| 3  | HAROLD | WEST JR | | | COLUMBUS | OH |
| 4  | MELVINA | UMBER | EMILY | GREENLEE | DAYTON | OH |
| 5  | VINCENT | PERRONE | | | WELLINGTON | FL |
| 6  | PAUL | SIMMONS | | | BEDFORD | OH |
| 7  | JOSEPH | FLOWERS | MARLENE | FLOWERS | CLEVELAND | OH |
| 8  | KAREN | JACKSON | | | INDIANAPOLIS | IN |
| 9  | YELENG | HER | | | AURORA | IL |
| 10 | ALENEISA | MADRIO | | | ORLANDO | FL |
| 11 | KANTOR | KING | | | LOUISVILLE | KY |
| 12 | MARION | MCGILLIS | GARY | MCGILLIS | ALMA | MI |
| 13 | SUSAN | DANIELS | | | CHILLICOTHE | OH |
| 14 | JASON | THEAKSTON | | | WICKHAVEN | PA |
| 15 | ERIC | PLOWMAN | VERONICA | PLOWMAN | CHEROKEE | IA |
| 16 | KIMBERLY | WASH | JOHN | WASH | ELYRIA | OH |
| 17 | MICHAEL | MYERS | NOELLE | MYERS | HEYWORTH | IL |
| 18 | ROSEMARIE | RYAN | GARY | RYAN | ALMONT | MI |
| 19 | DEBORAH | CAMPBELL | SARAH | CAMPBELL | VERO BEACH | FL |
| 20 | CHRISTINE | SEGO | | | FERNDALE | MI |
| 21 | CAROL | MOCHANSKI | JOHN | MOCHANSKI | TARENTUM | PA |
| 22 | LEAH | INGLIS | | | ARVADA | CO |
| 23 | AISHA | HUSHAW | | | HAZEL CREST | IL |
| 24 | WILLARD | CUNNINGHAM | | | PLYMOUTH | IN |
| 25 | ANGELA | SIRMONS | | | INDIANAPOLIS | IN |
| 26 | ANA | ROSAS | | | INDIANAPOLIS | IN |
| 27 | MICHAEL | WEDDING | CONNIE | WEDDING | OWENSBORO | KY |
| 28 | JOANNA | SCHILD | | | WONDER LAKE | IL |
| 29 | MARILYN | MOSS | | | PITTSBURGH | PA |
| 30 | JULIE | CARLETON | CORY | CARLETON | FISHERS | IN |
| 31 | RUSSELL | NUYTTEN | | | ROYAL OAK | MI |
| 32 | RUSSELL | SAWYER | RUTHIE | SAWYER | CANTONMENT | FL |
| 33 | DEBORAH | EGGLESTON | | | N ROYALTON | OH |
| 34 | ELIZABETH | MCLEAN | | | CHAMPAIGN | IL |
| 35 | DARLENE | NICHOL | | | PORT ST LUCIE | FL |
| 36 | AMY | RICHARDS | PAUL | RICHARDS | N ROYALTON | OH |
| 37 | SYBILLA | PREST | | | ANN ARBOR | MI |
| 38 | FARHAN | ANSARI | SHAISTA | ANSARI | SAGINAW | MI |
| 39 | LUAWANDA | WEST | | | COLUMBUS | OH |
| 40 | SHERRILL | LEMIEUX | ERNEST | FIELD | CLEVELAND | OH |
| 41 | TARA | HEALY | MICHAEL | HEALY JR | STEUBENVILLE | OH |
| 42 | ANITA | KALL | | | PITTSBURGH | PA |
| 43 | DOLORES | LAUER | | | CRESTWOOD | IL |
| 44 | SANDRA | BROWN | | | CARROLLTON | OH |
| 45 | DONNA | SUCHECKI | | | WOODRIDGE | IL |
| 46 | JUANA | MENDOZA | | | ERIE | PA |
| 47 | HERMAN | MILLER | ELNORA | MILLER | ETNA GREEN | IN |
| 48 | FLORAN | IBRAHIMI | | | LORTON | VA |
| 49 | GEORGIA | EGRES | | | WATERFORD | MI |
| 50 | KITTY | ELSTON | | | PEORIA | IL |
| 51 | LEE | HYDE | | | GIRARD | OH |
| 52 | REBECCA | JOHNSON | | | CLAY CITY | KY |
| 53 | ROXANNE | BERNARD | | | LOUISVILLE | KY |
| 54 | ANNA | FILIPOVA | | | OSHKOSH | WI |
| 55 | CHRISTY | FISHER | | | PEKIN | IN |
| 56 | ALICE | EVANS | | | APPLE CREEK | OH |
| 57 | JAMES | CLASON | | | UNION FURNACE | OH |
| 58 | BUDDY | HALL | | | DAYTON | OH |
| 59 | ROBERT | ROTHERMEL | | | LIVONIA | MI |
| 60 | DIANE | SANTAGATA | | | GROVE CITY | PA |
| 61 | CATHERINE | MOELLERING | | | SAINT CHARLES | MO |
| 62 | JUDITH | OURS | | | HUBBARD | OH |
| 63 | GERALD | HUNTER | KAREN | HUNTER | ANDERSON | IN |
| 64 | ARNETTA | IFON | | | FORT WAYNE | IN |
| 65 | KOZUE | ISOZAKI | | | COLUMBUS | OH |
| 66 | JOSEPH | SPILAK JR | | | WEST MIDDLETOWN | PA |
| 67 | CALVIN | PREST | | | ANN ARBOR | MI |
| 68 | ESTATE OF TIMOTHY | BACK | | | CINCINNATI | OH |
| 69 | BETH | SABO | | | RISINGSUN | OH |
| 70 | RICHARD | HYDE | | | GIRARD | OH |
| 71 | DONNA | GARDNER | | | BRIDGEVILLE | PA |
| 72 | ALBERT | BLOCH | JOANN | BLOCH | DARDENNE PRAIRIE | MO |
| 73 | RITA | HEILIG | | | REYNOLDSBURG | OH |
| 74 | CHRISTINE | HAUSER | JAMES | HAUSER | PITTSBURGH | PA |
| 75 | RICHARD | BARTH | | | N VERSAILLES | PA |
| 76 | CANDACE | HENRY | DAVID | HENRY | SCOTTDALE | PA |

Exhibit A to Order and Final Judgment